# CHASE CHASE & ASSOCIATES, PLLC

## Attorneys at Law

Nita L. Chase
Attorney

Alvin Chase
Attorney

### TELECOPIER COVER LETTER

Date: 8-25-09     Time: _____

PLEASE DELIVER THE FOLLOWING PAGES TO:

Name: Ian Brendel

Firm: _____

Telecopier No.: 228-863-5008

FROM:

Name: Alvin Chase

Firm: _____

Re: Al-Khidhr vs. Harrison Cnty, et al

We are transmitting __21__ page(s), including this cover letter.

If you do not receive all pages, please call as soon as possible.

MESSAGE: Ian,
Pls accept this as a good faith attempt to answer the discovery. I'll supplement this Response this week.

*Alvin Chase*

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

10345 D'Iberville Boulevard
Suite D
Biloxi, MS 39540

Voice Mail: (228) 396-3300
Fax No.: (228)396-1494

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ONLY AL-KHIDHR                                                              PLAINTIFF

VERSUS                                      CAUSE NO.: 1:07-CV-01223-LG-RHW

HARRISON COUNTY, MISSISSIPPI, by and through its
Board of Supervisor; HARRISON COUNTY SHERIFF,
George Payne, in his official capacity; SUPERVISOR
OF BOOKING, CAPTAIN RICK GASTON, acting
under of state law; CORRECTIONS OFFICER
SERGEANT RYAN TEEL, acting under
color of state law; CORRECTIONS OFFICER MORGAN
THOMPSON, acting under color of state law; CORRECTIONS
OFFICER THOMAS MOORE, acting under color of state law        DEFENDANTS

## PLAINTIFF'S RESPONSES TO INTERROGATORIES PROPOUNDED TO PLAINTIFF BY THE RICK GASTON, RYAN TEEL AND MORGAN THOMPSON

COMES NOW Plaintiff, Only Al-Khidhr, with the assistance of his attorneys, Chase Chase & Associates, PLLC, and pursuant to Federal Rules of Civil Procedure and hereby provides the Plaintiff's Responses to Interrogatories Propounded to Plaintiff by the Defendants Rick Gaston, Ryan Teel, and Morgan Thompson. Plaintiff makes a general objection that the interrogatories are irrelevant, immaterial, vague, overly broad, confusing, and not designed to learn discoverable information and/or evidence that is admissible in a trial on the issues in this cause. Plaintiff, nonetheless, provides these answers without waiving any objections. Plaintiff recognizes this discovery is continuing in nature and requires him to file supplemental answers in accordance with the Federal Rules of Civil Procedure if he obtains further or different information after submission of his initial answers before trial, including in each supplemental answer the date and manner in which Plaintiff became aware of the additional information. The Interrogatories and answers are as follows, to-wit:

1. Identify and list any correspondence, whether by spoken word or by any document(s), whereby you claim Rick Gaston, Ryan Teel and Morgan Thompson gained knowledge and/or became aware of (1) a Consent Decree issued in 1995 by the United States District Court; (2) continuing violations of that Consent Decree and (3) official correspondence from the United States Department of Justice notifying the Defendants of "a very disturbing pattern of misuse and force and continuing concerns of other deprivations within the

    Harrison County Adult Detention Center.

    A. For each instance identified in Interrogatory #1 above, please state:

    1. How Rick Gaston, Ryan Ted and Morgan Thompson gained knowledge of (1) a Consent Decree issued in 1995 by the United States District Court; (2) continuing violations of that Consent Decree and (3) official correspondence from the United States Department of Justice notifying the Defendants of "a very disturbing pattern of misuse and force and continuing concerns of other deprivations within the Harrison County Adult Detention Center;

**Answer to 1A1:** Plaintiff does not know at this time the exact manner in which the defendants listed in this interrogatory gained knowledge and/or became aware of a Consent Decree issued in 1995 by the U.S. District Court, continuing violations of that Consent Decree and official correspondence from the U.S. Department of Justice notifying the Defendants in this litigation of "a very disturbing pattern of misuse and force and continuing concerns of other deprivations within the Harrison County Adult Detention Center". Morgan Thompson

apparently signed a Justice Consent Order Record of Training on or about May 17, 2004, indicating he had received a copy of the Consent Judgment in the case of U.S. versus Harrison County, to include the 2nd, and 3rd Supplemental Reports following the consent judgment. However, based upon information and belief, Rick Gaston, in his official capacity of supervisor of booking at the Harrison County Adult Detention Center (HCADC), and correction officers Ryan Teel and Morgan Thompson should have been made aware of the Consent Decree upon their respective initial employment with the Harrison County Sheriff Department. The defendants listed by name in this interrogatory should have been made aware of the "… disturbing pattern of misuse and force…" sometime on or after July 20, 2005, the date of the letter or report or memorandum to Harrison County.

> 2. From whom Rick Gaston, Ryan Ted and Morgan Thompson gained knowledge of (1) a Consent Decree issued in 1995 by the United States District Court; (2) continuing violations of that Consent Decree and (3) official correspondence from the United States Department of Justice notifying the Defendants of "a very disturbing pattern of misuse and force and continuing concerns of other deprivations within the Harrison County Adult Detention Center;

**Answer 1A2:** These defendants should have learned this information at least from or through or on behalf of Sheriff George Payne.

> 3. When Rick Gaston, Ryan Teel and Morgan Thompson gained knowledge of (1) a Consent Decree issued in 1995

by the United States District Court; (2) continuing violations of that Consent Decree and (3) official correspondence from the United States Department of Justice notifying the Defendants of "a very disturbing pattern of misuse arid force and continuing concerns of other deprivations within the Harrison County Adult Detention Center;

**Answer to 1A3:**   See response/answer to Interrogatory 1A1

4. Where Rick Gaston, Ryan Ted and Morgan Thompson gained knowledge of (1) a Consent Decree issued in 1995 by the United States District Court; (2) continuing violations of that Consent Decree and (3) official correspondence from the United States Department of Justice notifying the Defendants of "a very disturbing pattern of misuse and force and continuing concerns of other deprivations within the Harrison County Adult Detention Center;

**Answer to 1A4:**   See response/answer to Interrogatory 1A2.

2. Identify and list each document and/or communication, whether oral or written, as to how you allege Rick Gaston, Ryan Teel and Morgan Thompson made "final policy" at the Harrison County Adult Detention Center.

   A. For each such document and/or communication, whether oral or written listed above, please describe with specificity how each document and/or communication relates specifically to Rick Gaston,

Ryan Ted and Morgan Thompson.

**Answer to 2A:** The exact document and/or communication as to how the defendants identified in this interrogatory made "final policy" at the HCADC is not known to Plaintiff at this time, but based on information and belief, Rick Gaston was the final decision making authority as far as matters concerning the booking area at the HCADC, and he had been at least implicitly granted such authority through Sheriff Payne with what is believed to be the Sheriff's hands off approach to allowing Gaston handle matters pertaining to booking and what went on in the booking area.

3. Identify and list each document and/or communication, whether oral or written, in support of your allegation that Rick Gaston, Ryan Teel and Morgan Thompson participated, encouraged, authorized or acquiesced in the existence and continuation of the deprivation of civil rights, injurious abuse of and injuries to inmates, including Plaintiff.

   A. For each such document and/or communication, whether oral or written listed above, please describe with specificity how each document and/or communication relates specifically to Rick Gaston, Ryan Teel and Morgan Thompson.

**Answer to 3A:** All of the documents and/or communications as to how the defendants identified in this interrogatory did the things set out in this interrogatory is not known to Plaintiff at this time; however, Plaintiff does rely on the stipulation of fact agreed to by Morgan Thompson and contained in the plea agreement filed on November 22, 2006, in the case of U.S.A. v. Morgan Lee Thompson, U.S. District Court, Southern District of Mississippi, Jackson Division, Cause Number 1:06cv116.