# REPORT PREPARED
# IN COMPLIANCE WITH RULE 26

**PREPARED BY:**   William M. Drechsel / Drex Executive Protection

**DATE:**   September 16. 2009

**RE:**   Only Al-Khidhr v. Harrison County, Mississippi, Et. Al.
United States District Court, Southern District of Mississippi,
Southern Division / Cause No.: 1:07cv1223LG-RHW

## BASIS FOR OPINIONS REACHED:

The opinions expressed in this Report are based upon the materials provided, and my educational background and experience. An updated CV, Fee Schedule and List of Cases in which I have previously testified are provided in connection with this report. I reserve the right to update and amend this report as additional information becomes available to me.

## DOCUMENTS & OTHER ITEMS REVIEWED IN FORMING MY OPINIONS:

- Arrest and Police Reports
- Booking Form
- Nurse's Notes/Report
- Use of Force Report
- Amended Complaint(s)
- Answer and Affirmative Defenses
- Pre-Discovery Disclosures
- Prior Criminal History of the Defendant
- Transcripts Associated with Federal Criminal Cases
- Interrogatories and Answers
- Photographs and Video
- Newspaper and Television Articles
- Federal Consent Decree

## OPINIONS REACHED:

**FIRST OPINION:** Corrections Officers acted improperly by insisting that Al-Khidhr shower and dress-out, while still intoxicated. The industry standard is that Al-Khidhr should have been checked for contraband and/or weapons (while still in street clothes)

Exhibit "3"

Rule 26 Report – Al-Khidhr
September 16, 2009
Page 2 of 3

and placed into the appropriate "holding cell" to allow for the effects of the intoxicants to dissipate, before insisting upon the continuation of the booking process.

**SECOND OPINION:** The Narrative by Officer Moore relates that Al-Khidhr suffered strikes to the brachial plexus (neck area), strikes to the common peroneal (upper leg area), and was pepper sprayed. These actions by Correction Officers Moore and Thompson do not account for the physical damage Al-Khidhr sustained to his body. Thus the Narrative either is lacking in detail as to what exactly transpired, or the information related therein is falsified.

**THIRD OPINION:** The "Use of Force Report" is incomplete and is not signed off on by a reviewing Shift Lieutenant. Thus, I cannot conclude who wrote the "Use of Force Report". Furthermore, each Corrections Officer involved should have submitted a separate "Use of Force Report" and Narrative each. In this case we only have one incomplete report, which has not been signed off upon.

**FOURTH OPINION:** Corrections Officers used "excessive force" with a passive, non-compliant, pre-trial detainee. Photographs show that Al-Khidhr suffered bruising, lacerations, swelling and disfigurement to the head, face and neck. Had proper correctional methods been used, Al-Khidhr would not have suffered these injuries.

**FIFTH OPINION:** There is a history of abuse and misuse of force at the HCADC. This is demonstrated by the HCADC operating under a Federal Consent Decree, correction officers failure to follow proper procedures, falsification of reports, guilty pleas and incarceration of corrections officers in federal prison(s).

**SIXTH OPINION:** The working conditions at the HCADC greatly contributed to a theme of violence. This is supported by the corrections officers regularly referring to the HCADC as, "The House of Payne"[1], having "Theme Nights", staff shortages, poor air quality, lack of properly working equipment(such as door locks), unsanitary conditions and no meal or rest breaks for officers.

**SEVENTH OPINION:** The Sheriff and his upper ranking administrative staff failed or refused to discipline and/or terminate staff who abused "Pre-Trial Detainees", inmates, or participated in the covering up thereof.

---

[1] This was a play on words, as the Sheriff's last name was "Payne"; and physical injury is "pain."

Rule 26 Report – Al-Khidhr
September 16, 2009
Page 3 of 3

As previously stated herein, I reserve the right to update and amend this report as additional information becomes available to me.

_____          _SEPTEMBER 16, 2009_
William M. Drechsel                                              Date
Drex Executive Protection