# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ONLY AL-KHIDHR**                                              **PLAINTIFF**

**VERSUS**                              **CAUSE NO.: 1:07-CV-01223-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, by and through its
Board of Supervisor; HARRISON COUNTY SHERIFF,
George Payne, in his official capacity; SUPERVISOR
OF BOOKING, CAPTAIN RICK GASTON, acting
under of state law; CORRECTIONS OFFICER
SERGEANT RYAN TEEL, acting under
color of state law; CORRECTIONS OFFICER MORGAN
THOMPSON, acting under color of state law; CORRECTIONS
OFFICER THOMAS MOORE, acting under color of state law**          **DEFENDANTS**

## PLAINTIFF'S RESPONSES TO INTERROGATORIES PROPOUNDED TO PLAINTIFF BY THE DEFENDANT, GEORGE PAYNE, JR. IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES

COMES NOW Plaintiff, Only Al-Khidhr, with the assistance of his attorneys, Chase Chase & Associates, PLLC, and pursuant to Federal Rules of Civil Procedure and hereby provides the Plaintiff's Responses to Interrogatories Propounded to Plaintiff by the Defendant, George Payne, Jr. in his Official and Individual Capacities. Plaintiff makes a general objection that the interrogatories are irrelevant, immaterial, vague, overly broad, confusing, and not designed to learn discoverable information and/or evidence that is admissible in a trial on the issues in this cause. Plaintiff, nonetheless, provides these answers without waiving any objections. Plaintiff recognizes this discovery is continuing in nature and requires him to file supplemental answers in accordance with the Federal Rules of Civil Procedure if he obtains further or different information after submission of his initial answers before trial, including in each



EXHIBIT
"A"

supplemental answer the date and manner in which Plaintiff became aware of the additional information.  The Interrogatories and answers are as follows, to-wit:

**INTERROGATORY NO. 1:**  Please identify yourself giving your full name, any aliases, age, date and place of birth, and social security number.  If you have changed your name, please also provide your legal birth name.

**Answer No. 1:**      My birth name was Manuel Sullivan.  My legal name is now Only Al-Khidhr and I am 57 years old, having been born on ▇▇▇▇▇▇▇▇▇▇, in Malcolm, Alabama.  I am also known as Spade.  My social security number is ▇▇▇
▇▇▇

**INTERROGATORY NO. 2:**  Please state whether you have ever been convicted of a felony or a misdemeanor criminal offense?  If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause number, court, and sentence imposed.

**Answer No. 2:**      I have been convicted of several criminal offenses.  I do not recall each and every conviction I have and the details of such convictions.  I do recall several convictions in Biloxi Municipal Court over the past several years, but I do not recall the specifics of those at this time.  This response will be supplemented in the event I recall other convictions not listed below or in the event I recall additional information regarding the convictions that I cannot recall at this time.

| Offense | Date of Offense | Place of Offense | Cause Number | Court | Sentence Imposed | Year of Conviction |
|---|---|---|---|---|---|---|
| Sale of Heroine | | Jackson County, MS | | Jackson County Circuit Court | | 1976 |
| Possession of Cocaine | | DeKalb County, GA | | DeKalb Cnty Circuit Court | | 2000 |

**INTERROGATORY NO. 3:**  Please list and describe every specific incident, including the date and time of each incident, (including time of your arrest, booking and release) and any and all witnesses to the incident, whereby you claim that your constitutional rights were allegedly violated by each Defendant in your Complaint, Amended Complaint, and Second Amended Complaint.

**Answer No. 3:**    Objection to providing information that pertains to the complaint and the amended complaint because the Second Amended Complaint is the complaint on which this litigation is based.  I believe this interrogatory is vague; however, without waiving my objection, the following response is provided:  To the best of my recollection and based on documents I have seen since the arrest, I was arrested on or about October 3, 2005 or October 4, 2005, before 10:00 p.m. that evening.  I recall it being before the 10:00 p.m. curfew that was in effect at that time.  I was arrested by Biloxi Police officer Kit Manning and an officer from another city and state who was assisting Officer Manning on that date.  During the encounter with them, I knocked off my bicycle and I received a minor or superficial bruise to my face.  I was not taken to the Biloxi Police Department, but was taken to the Harrison County Adult Detention Facility (HCADC) on Larkin Smith Drive in Gulfport, Mississippi.  As I recall the events, I was taken to the HCADC within probably 45 minutes of my encounter with the officers in Biloxi.  I believe I was arrest for and charged with improper equipment (riding a bicycle without lights), possession of marijuana, public drunk, and disorderly conduct by using profanity.  Almost immediately upon arriving in the booking area of the HCADC, I was taken into the shower and Correction Officers Morgan Thompson, Ryan

Teel, and/or Thomas Moore (whom I believe may be known as Timothy Moore),
assaulted me in various manners. The assault occurred after I fell in the shower while
being escorted into the shower by, I believe, two of the correction officers mentioned
above. I was barefoot at the time and I slipped on the shower floor because it was wet
and slippery. I fell on my buttocks and when I started to raise up in an attempt to get up
off the floor, they kicked me in my face, my back, head, neck, shoulder, arms, sides,
knees, hips, legs, feet, ankles, and everywhere on my body. I sustained severe injuries
to my entire body including my face, hips, ankles, and shoulders as a result of the
assault against me by the corrections officers. I did not do anything to provoke or
require them to beat me. I was not trying to escape from jail or anything of that sort or
nature.

I believe a nurse or some medical personnel came into the shower and looked at
me and my injuries, but I don't believe I was taken to the medical block for any
treatment or observation. I was not given proper medical care and treatment. While in
the booking area, I believe Captain Rick Gaston, came down there and made some
comments about how he would hate to the see what the other person whom I was
supposed to have fought with looked like. I told Rick Gaston that he knew what
happened and that "y'all did this to me". He asked me whether I was like that before I
came into the jail and I stated "no". I recall Rick Gaston telling the correction officers
mentioned above something to the effect that he could not keep covering for them and
that they were going to end up killing somebody. I believe I was placed in a holding cell
in the booking area.

Later during the morning hours of October 4, 2005, several hours after the assault, I was taken by some deputies of the Harrison County Sheriff's Department to the emergency room at Memorial Hospital at Gulfport for treatment. This was after my right eye was swollen shut, my lip busted, my nose busted or fractured, and I had suffered multiple serious injuries from my head to my toes, to include my shoulders, hip, leg, ankles, face and other parts of my body as a result of the assault by the correction officers. Rick Gaston told the deputies to leave me there at the hospital and have the hospital charge the expense for treatment to the county and to release me when they were finished. They deputies did not take me back to the HCADC, but I was instead released by hospital personnel.

I believe Sheriff George Payne was aware of similar incidents based on complaints having been made to him or his chief assistant, Rick Gaston, and had failed to take appropriate action to prevent assaults and violation of constitutional rights. I believe Sheriff Payne and Harrison County, through its Board of Supervisors, failed to ensure the correction officers were adequately trained and that the booking area of the HCADC was properly and adequately staffed.

**INTERROGATORY NO. 4:** Please identify by name, address, and telephone number any and all witnesses whom you will or may call at the trial of this cause.

**Answer No. 4:** Plaintiff may call all defendants named in the Second Amended Complaint, to include the members of the Harrison County Board of Supervisors; and any and all witnesses called by the Defendants in the trial of this

cause. Additionally, Defendant may call the following persons:

1.    Those experts listed or designated in the Plaintiff's Designation of

Expert Witnesses.

2.    Officer Kit Manning, Biloxi Police Department.

3.    All physicians and medical care providers and personnel who has

treated or who may treat Plaintiff.

4.    Other persons who have relevant information and whose identity is not

yet known to or can not be recalled by Plaintiff at this time.

5.    All persons listed, named or otherwise identified in the pre-trial

disclosures provided by Plaintiff and all defendants in this litigation.

Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 5:** Please list by name, address, and telephone number

all persons who may have discoverable knowledge of the events complained of in your

Complaint, Amended Complaint, and Second Amended Complaint. Please identify

those persons that you may or will call as witnesses at trial.

**Answer No. 5:** I don't know the names, addresses, nor telephone

numbers of all persons who may have discoverable information except as listed

in the Answer to Interrogatory Number 4 above; however, every person who was

on duty for the Harrison County Adult Detention Facility as an employee of the

sheriff department and/or on duty as an employee or agent for the medical

services provider performing the medical services contract for the Harrison

County jail on October 4, 2005, may have discoverable information.  Plaintiff may

call any and all of such persons.  Plaintiff will supplement this list as appropriate

and necessary.

**INTERROGATORY NO. 6:** Please identify by name, address, and telephone

number each and every individual with whom you have or may have discussed any of

the allegations stated in your Complaint, Amended Complaint and Second Amended

Complaint, and provide a brief description of the discussions you have had with each

individual regarding said allegations.

**Answer No. 6:**       I discussed the allegations in the complaint with my

lawyers and my conversations with those lawyers are attorney-client privileged

communications.  I told medical personnel at Memorial Hospital at Gulfport that I

was beaten or assaulted at the Harrison County Jail.

I also discussed part of the allegations in the complaint with the following

persons.  John Curry, friend, 228-324-3968; Horace Sullivan, brother, 228-875-

6401; Barbara Nix, sister, 770-987-5869, Atlanta, GA; Ernestine Hampton, sister,

770-788-9118; Beulah Sullivan, sister, 770-483-8044; Yvonne Ellis, friend, 228-

273-0174, Biloxi, MS; Horace Sullivan, Jr., nephew, 228-229-0232; Investigator

Tony McGill, private investigator, 228-860-4217; and Joel Wallace, Mississippi

Bureau of Investigations, 228-326-6455.

In the event Plaintiff has failed to list all persons with whom Plaintiff my

have discussed the allegations, Plaintiff will supplement this list as appropriate

and necessary.

**INTERROGATORY NO. 7:** Please state whether you have obtained any

statements, whether written, recorded, oral, or otherwise, from any Defendant named in

your Complaint, Amended Complaint or Second Amended Complaint, or any of

Defendant(s) agents, employees, or representatives. If so, please identify the name of

each individual from whom you obtained such statement, the date such statement was

taken and who has custody of said statement. Please also provide a brief description of

the substance of said statement.

Answer No. 7: I have not obtained any statement. Plaintiff will

supplement this list as appropriate and necessary.

**INTERROGATORY NO. 8:** Please identify each individual whom you propose to

call as an expert witness at the trial of this cause, stating the subject matter on which

the expert is expected to testify, the substance of the facts and opinions to which the

expert is expected to testify, and a summary of the grounds for each such opinion.

**Answer No. 8:**    See the response provided in Plaintiff's Designation of

Expert Witnesses filed in this cause. Plaintiff will also call treating physicians as

witnesses and to the extend such treating physicians must be designated as experts, I

so designate them as experts.

**INTERROGATORY NO. 9:** If you contend that there was in existence an official

policy, practice, or custom at the Harrison County Sheriff's Department which resulted in

constitutional violation, injury or damage to you, please identify and describe each

specific official policy, practice, or custom; state how the policy, practice or custom was

the moving force which resulted in injury or damage to you; state whether Defendant

George Payne, Jr. , and/or the Board of Supervisors were aware of the policy, practice,

or custom; and state all the underlying facts on which you base your answers.

**Answer No. 9:**    The policy, practice, or custom was as follows: The Sheriff,

including high ranking officers, internal affairs and supervisors at the Sheriff's

Department was aware of abuse at the HCADC. Additionally, members of the Board of

Supervisors had specific knowledge of abuse at the jail and that problems existed. The

Sheriff, Rick Gaston, and the Board of Supervisors were deliberately indifferent as

safeguarding the rights of inmates, including pre-trial detainees at the jail. Their inaction

condoned the wide-spread abuse at the jail and was the moving force behind correction

officers continually abusing and assaulting inmates and pre-trial detainees.

Defendant George Payne, Jr. and/or the Harrison County Board of supervisors

were aware of the policy, practice, or custom because he and/or the Board of

Supervisors hired all personnel that worked at the jail and supervised, and approved

the employees and agents' work. They were aware of the pattern of abuse at the

HCADC through a Consent Judgment (January 11, 1995) issued by the United States

District Court for the Southern District of Mississippi, continuing violations of that

Consent Judgment, the February 1, 2005 7th Supplemental Report of Steve J. Martin

prepared for U.S. Department of Justice, other official correspondence from the US

Department of Justice notifying Harrison County of "very disturbing pattern of a misuse

of force" with the HCADC, and numerous complaints persons where abused at the

HCADC that were made directly to the Harrison County Board of Supervisors, the

Harrison County Sheriff, the District Attorney of Harrison County, and other county

officials.

Factual information, including examples of abuse on November 12, 2004,

November 16, 2004, November 28, 2004, and December 14, 2004, contained in the 7th

Supplemental Report of Steve J. Martin prepared for U.S. Department of Justice, a

report which these officials have seen and/or read, is the basis for the allegation that

there was in existence an official policy, practice, or custom at the Harrison County

Sheriff's Department which resulted in constitutional violation, injury or damage to

Plaintiff. A report from the National Institute of Corrections/Jail Center, Longmont,

Colorado, provided a report, documented incidents of several assaults on inmates by

staff in the booking area of the HCADC, lack of training, and overworking of the staff is

additional support that officials in policy-making positions were aware of the abuse prior

to the assault on Plaintiff on October 4, 2005. Supervisors William Martin and Robert

Eleuterius testified during depositions in *Kasey D. Alves v. Harrison County, Mississippi,*

*et al*, U.S. District Court, Southern District of Mississippi, Southern Division, Cause No.

1:06cv912, that he or they were aware the HCADC is neither safe nor secure due to

inadequate staffing levels, poorly trained staff, limited supervision, crowded conditions,

failure to follow established polices and procedures, inadequate classification options

and intake/release process that is inefficient or ineffective. One of the supervisor

testified he was aware of a July 20, 2005 letter from the U.S. Department of Justice to

Harrison County concerning the jail and claims of instances of misuse of force at the jail.

Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 10:** Please state and describe in full and complete detail each and every alleged act and/or omission on the part of Defendant George Payne, Jr., which you contend he performed or failed to perform herein; and as to each and every such act or omission, state the statute, regulation and/or legal duty violated by such performance or non-performance; the specific manner and circumstances in which you contend the performance or non-performance of the acts and/or omissions violated the statute, regulation and/or duty, and in which you contend constitutes a basis for your claim; provide the identity of each person by name, address, telephone number and occupation performing or failing to perform such act and/or omission; and provide the exact time and date at and on which you contend that each alleged act or omission occurred.

**Answer No. 10:** Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 11:** In Paragraphs 21 - 33 of your Second Amended Complaint you allege that Defendants Teel, Thompson and Moore used unnecessary, unreasonable and wanton force on you. Regarding these allegations, please provide the basis for said allegations and any and all supportive statements or documents which you rely upon to support your allegation.

**Answer No. 11:** Plaintiff's recollection of the events on October 4, 2005,

when he was beaten at the booking area of the HCADC is the basis of these

allegations. Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 12:** In Paragraphs 29-38 of your Second Amended

Complaint, you allege that Defendants participated in a "conspiratorial scheme to

camouflage, cover-up, falsely explain and/or deny what in truth and in fact happened to

Al-Khidhr" and "concealment was part of the pattern of abuse and misuse of force within

booking"; as to these allegations please state each and every specific fact and/or

opinion, including the name of the alleged conspirators and a description of how they

conspired; the source of each fact or opinion relied upon by you in support of the

allegations; the identity and description of any records, documents and other tangible

evidence which you contend support the allegations; the identity of the person or

persons who have or may have custody of such records, documents and other tangible

evidence; and the identity of any and all persons who have or may have facts and/or

knowledge which you contend support the allegations set forth in Paragraphs 29-38 of

your Second Amended Complaint.

**Answer No. 12:**    Defendant Rick Gaston made a statement on or about

October 4, 2005 that he could not continue to cover for several of the correction

officers at the HCADC. Timothy Brandon Moore (perhaps mistakenly identified as Thomas Moore in the complaint in this cause) pleaded guilty in U.S. District Court (Criminal No. 1:07cr68) pertaining to falsifying a report, a Harrison County Sheriff's Narrative Form dated October 4, 2005, concerning Plaintiff being injured at the HCADC. Based on information and belief, there should have been more than one use of force report prepared. Specifically, Plaintiff believes each correction officer who applied or witnessed use of force on Plaintiff should have prepared a separate use of force report. The failure to do so was an apparent conspiracy to cover the truth. Additionally, based on information and belief, testimony of Morgan Thompson in the criminal trial of Ryan Teel in U.S. District Court will support the conspiracy alleged by Plaintiff. Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 13:** In your Second Amended Complaint, you claim that Sheriff Payne, Harrison County, and elected or appointed officials affiliated with the Harrison County Adult Detention Center had knowledge of the alleged persistent and widespread practice of the injurious abuse and use of excessive force on pre-trial detainees, please provide the basis for said allegations and any and all supportive statements or documents which you rely upon to support your allegation.

**Answer No. 13:**    See answer to Interrogatory No. 9. Plaintiff will

supplement this list as appropriate and necessary.

**INTERROGATORY NO. 14:** Please state the facts and information to support

your allegations that George Payne, Jr. had personal knowledge and or participated in

the lack of proper supervision and training and was aware of continuing use of

excessive force by correctional officers at the Harrison County Adult Detention Center

as set forth in your Complaint, Amended Complaint and Second Amended Complaint.

**Answer No. 14:**    Based on information and belief, Sheriff Payne

deliberately delegated day-to-day operation to Captain Rick Gaston and used a

hands-off approach to being involved in taking appropriate action to ensure his

personnel was properly trained to handle duties and obligations. Sheriff Payne,

in his official capacity, was required to know what was happening at the HCADC

and when personnel used excessive force. He had in place policies on how to

report use of force. Plaintiff will supplement this list as appropriate and

necessary.

**INTERROGATORY NO. 15:** Please state any and all facts and/or information to

support your allegations that proper training and supervision would have prevented the

deprivations, abuse, and injuries you allege to have suffered during your incarceration

at the Harrison County Adult Detention Center as set forth in your Complaint, Amended
Complaint and Second Amended Complaint.

      **Answer No. 15:**     Based on information and belief, had all personnel
been properly trained they would have realized as correction officers and peace
officers, they had an obligation to help protect a pre-trial detainee's civil rights
and particularly his right to not be abused physically. Had correction officers who
violated those rights been properly and timely disciplined, other similarly situated
correction officers would have been on notice that such unlawful conduct was not
welcomed and tolerated at the HCADC, thus, Plaintiff would not have been
violated on October 4, 2005. Plaintiff will supplement this list as appropriate and
necessary.

    **INTERROGATORY 16:** Identify and list each document and/or communication,
whether oral or written, in support of your allegations against the Defendants. For each
such document and/or communication, whether oral or written listed above, please
describe with specificity how each document and/or communication relates specifically
to this Defendant;

      **Answer No. 16:**     Plaintiff will supplement this list as appropriate and
necessary.

**INTERROGATORY NO. 17:** List the names and addresses of any and all physicians and other health care or mental health care providers who examined or treated you for any illnesses claimed by you as a result of the incidents described in your Complaint, Amended Complaint and Second Amended Complaint, stating the dates of treatment, reasons for each visit and any diagnoses rendered.

**Answer No. 17:** Plaintiff was treated by physicians at Memorial Hospital at Gulfport and Coast Family Medical Center in Biloxi. Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 18:** Please identify each and every hospital, clinic, medical facility, or mental health facility at which you have been examined, confined, or treated for any injury or condition claimed by you to be the result of the incidents alleged in your Complaint, Amended Complaint and Second Amended Complaint, and please list as to each such facility its complete name, address, and dates of treatment.

**Answer No. 18:** Gulfport Memorial Hospital, 4500 13th Street, Gulfport, MS, from Oct 4 and 5, 2005.

Coast Family Medical Clinic, Division Street, Biloxi, MS.

Plaintiff will supplement this list as appropriate and necessary.

**INTERROGATORY NO. 19:** Please describe in detail any and all injuries you

allege to have suffered as a result of this incident. Including in your description any and
all medical, physiological, mental health, or other treatment you have received or
continue to receive as a result of this incident, including the names and addresses of
any and all physicians, hospitals, physiologists, counselors, or other health care
providers rendering treatment.

**Answer No. 19:**    Plaintiff will supplement this list as appropriate and
necessary.

**INTERROGATORY NO. 20:**  In your Complaint, Amended Complaint and
Second Amended Complaint you allege that Harrison County, Board of Supervisors,
and George Payne, Jr. were aware of a pattern of abuse at the HCADC prior to October
4, 2005.  Regarding these allegations, please provide the basis for said allegations and
any and all supportive statements or documents which you rely upon to support your
allegation.

**Answer No. 20:**    Plaintiff will supplement this list as appropriate and
necessary.

**INTERROGATORY NO. 21:**  Please provide any and all facts or information to
support your allegation that Sheriff Payne and/or any other final policy maker at the
Harrison County Adult Detention Center failed to properly train and/or supervise the

officers and supervisors, and identify any and all documentation which you believe

contains supportive information as to said allegation(s) as stated in your Complaint,

Amended Complaint and Second Amended Complaint.

**Answer No. 21:**    Plaintiff will supplement this list as appropriate and

necessary.

**INTERROGATORY NO. 22:** Please identify those individuals from whom a

written, recorded, transcribed or oral statement has been obtained by you, your

attorneys, agents or by anyone working in connection with this case on your behalf

regarding the allegations and claims as stated in your Complaint, Amended Complaint

and Second Amended Complaint.

**Answer No. 22:**    No written, recorded, transcribed or oral statements

have been obtained by Plaintiff or on Plaintiff's behalf at this time.  Plaintiff will

supplement this answer as appropriate and necessary.

**INTERROGATORY NO. 23:**  Please identify each and every individual who may

be called at the trial of this matter and indicate whether they will give opinion testimony.

**Answer No. 23:**    See answer to Interrogatory No. 4.  Plaintiff will

supplement this list as appropriate and necessary.

**INTERROGATORY NO. 24:** In Paragraph 4 of your Second Amended

Complaint you allege that high ranking officials of the Harrison County Sheriff's

Department, with final decision making authority, assisted by the above Defendant

Corrections Officer Moore and Defendant Gaston, engaged in acts to falsely deny and

or cover up what has occurred and further threatened the injured Plaintiff with retaliatory

actions. Regarding these allegations, please provide the basis for said allegations and

any and all supportive statements or documents which you rely upon to support your

allegation.

    **Answer No. 24:**    Plaintiff will supplement this answer as appropriate

and necessary.

    **INTERROGATORY NO. 25:**  In Paragraph 5 of your Second Amended

Complaint you allege that Harrison County Corrections Officers abused and used

excessive force as acts of corporal punishment amounting to assault and battery

against other inmates and pretrial detainees and cover ups by officials occurred both

before and after the alleged injurious actions of abuse to the Plaintiff to such extent as

to evidence a prior continuing pattern, custom and usage to similar violations.

Regarding these allegations, please provide the basis for said allegations and any and

all supportive statements or documents which you rely upon to support your allegation.

    **Answer No. 25:**    This allegation is based on the convictions, either by

guilty plea and/or trial of the several correction officers HCADC convicted in U.S.

District Court for the Southern District of Mississippi following the death of Jessie

Williams at the HCADC. Plaintiff will supplement this answer as appropriate and

necessary.

**INTERROGATORY NO. 26:** In Paragraph 7 of your Second Amended

Complaint you allege that Defendant Harrison County, by and through its officials failed

to take any meaningful action to prevent the continuation of abuse at the Harrison

County Adult Detention Center, thus evidencing a policy and deliberate indifference to

the known consequences of the policy which foreseeably and consequently resulted in

continued abuse and constitutional violations against incarcerated persons including the

Plaintiff. Regarding these allegations, please provide the basis for said allegations and

any and all supportive statements or documents which you rely upon to support your

allegation.

**Answer No. 26:** This allegation is based in part on the failure of the

officials at HCADC to properly report all complaints of assaults by correction

officers in the various reports measuring compliance with the Consent Decree.

Plaintiff will supplement this answer as appropriate and necessary.

**INTERROGATORY NO. 27:** In Paragraph 38 of your Second Amended

Complaint you allege that concealment was part of a pattern of abuse and misuse of

force within booking on pretrial detainees and officials including this Defendant, aided

and abetted the misuse of force within booking and the conspiracy by either condoning

such acts and or by failing to take appropriate actions and measures in order to prevent

the abusive and injurious actions of the corrections officers in booking. Regarding these

allegations, please provide the basis for said allegations and any and all supportive

statements or documents which you rely upon to support your allegation.

> **Answer No. 27:**    Plaintiff will supplement this answer as appropriate
> and necessary.

**INTERROGATORY NO. 28:** In Paragraphs 39 - 47 you allege a habit, pattern,

custom and policy of which a wide spread custom and practice of abuse in the booking

department of the Harrison County Adult Detention Center was known, or at least

should have been known by the Harrison County Officials and that in spite of ample

evidence of abuse Harrison County Officials failed to punish such conduct and actually

took such action as to condone the behavior of its officers. Regarding these allegations,

please provide the basis for said allegations and any and all supportive statements or

documents which you rely upon to support your allegation.

> **Answer No. 28:**    Plaintiff will supplement this answer as appropriate

and necessary.

**INTERROGATORY NO. 29:**  In Paragraph 110 of the Second Amended

Complaint you allege that Sheriff George Payne, Jr. and the Harrison County Board of

Supervisors intentionally chose to ignore and/or condone or acquiesce to the continued

abusive actions towards detainees within the Harrison County Adult Detention Center

after being put on notice by the United States Department of Justice.  Regarding these

allegations, please provide the basis for said allegations and any and all supportive

statements or documents which you rely upon to support your allegation.

      **Answer No. 29:**     Plaintiff will supplement this answer as appropriate

and necessary.

**INTERROGATORY NO. 30:**  In Paragraph 112 of the Second Amended

Complaint you allege that Defendant Payne had personal knowledge and or

participation in the lack of proper supervision and training and was aware of the

continuing misuse of force by corrections officers.  Regarding these allegations, please

provide the basis for said allegations and any and all supportive statements or

documents which you rely upon to support your allegation.

      **Answer No. 30:**     Plaintiff will supplement this answer as appropriate

and necessary.

**INTERROGATORY NO. 31:**  If you contend that the Plaintiff's constitutional rights were violated pursuant to a widespread custom (not an official policy), please identify if you contend the custom was based on actual knowledge or constructive knowledge.  Regarding these allegations, please provide the basis for said allegations and any and all supportive statements or documents which you rely upon to support your allegation.

**Answer No. 31:**    Plaintiff will supplement this answer as appropriate and necessary.

**INTERROGATORY NO. 32:**  Please identify how each Defendant was deliberately indifferent to Plaintiff's constitutional rights.  Regarding these allegations, please provide the basis for said allegations and any and all supportive statements or documents which you rely upon to support your allegation.

**Answer No. 32:**    All the correction officers listed as defendants and Sheriff Payne were deliberately indifferent to Plaintiff's constitutional rights because Plaintiff was intentionally assaulted by the correctional officers.  Plaintiff will supplement this answer as appropriate and necessary.

**INTERROGATORY NO. 33:**  In Paragraphs 24 - 28 of your Second Amended Complaint, you allege that there was deliberate indifference to the serious medical

needs of the Plaintiff. Regarding these allegations, please provide the basis for said

allegations and any and all supportive statements or documents which you rely upon to

support your allegation.

**Answer No. 33:**    Plaintiff will supplement this answer as appropriate

and necessary.

**INTERROGATORY NO. 34:**  In Paragraphs 106 - 113 of your Second Amended

Complaint, you allege that there was a failure to properly train and supervise.

Regarding these allegations, please provide the basis for said allegations and any and

all supportive statements or documents which you rely upon to support your allegation.

**Answer No. 34:**    Plaintiff will supplement this answer as appropriate

and necessary.

**INTERROGATORY NO. 35:**  In Paragraph 113 of your Second Amended

Complaint, you allege that there was improper hiring.  Regarding these

allegations, please provide the basis for said allegations and any and all

supportive statements or documents which you rely upon to support your

allegation.

**Answer No. 35:**    Plaintiff will supplement this answer as

appropriate and necessary.

RESPECTFULLY SUBMITTED, this the 29th day of August, 2009.

ONLY AL-KHIDHR
Plaintiff

STATE OF MISSISSIPPI

COUNTY OF HARRISON

Personally appeared before me, the undersigned Notary Public, Only Al-Khidhr,

Plaintiff herein, who, after being duly sworn, made oath that the within Answers to

Interrogatories Propounded to Plaintiff by the Defendant, George Payne, Jr. in his

Official and Individual Capacities are true to the best of his knowledge, information and

belief.

Notary Public

My Commission Expires:
DOROTHY J. BURNS
Commission Expires
July 16, 2013

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day sent via U.S. Mail, email, and/or facsimile, a true and correct copy of the foregoing to the following:

Cyril T. Faneca
Haley Necaise Broom
Joe Crawford Gewin
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

This, the 18th day of September, 2009.

ALVIN CHASE (MSB #5968)

CHASE CHASE & ASSOCIATES, PLLC
10345 D'Iberville Blvd, Ste D
Post Office Box 7119
D'Iberville, MS 39540
Phone: 228-396-3300
Facsimile: 228-396-1494