UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ONLY AL-KHIDHR                                                                               PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:07CV1223-LG-RHW

HARRISON COUNTY MISSISSIPPI et al                                                DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court are Defendants' [177, 178] Motions to Strike Plaintiff's designation of expert witnesses for trial. Plaintiff initially served expert designations on or about July 15, 2009. Defendants then filed [144, 147] Motions to Strike the Designation of Experts Dr. Barry M. Crown, Dr. Thomas H. Christiansen, William Drechsel, and unidentified treating physicians. Defendants argued that the designations did not conform with the provisions of Fed. R. Civ. P. 26. Among other things, the expert disclosures did not provide data and other information considered by the experts and did not include written and signed reports from the experts. Plaintiff failed to file a response to Defendants' motions to strike.

On September 3, 2009, despite Plaintiff's failure to respond, the Court entered an [161] Order denying the motions to strike and allowing Plaintiff "one final opportunity to supplement his designation of experts." The Court allowed Plaintiff until September 17, 2009, to supplement expert designations so as to conform with Fed. R. Civ. P. 26. On or about September 17, 2009, Plaintiff served an [165] Amended Designation of Experts. On that same day, Plaintiff also filed a [166] Motion for Extension of Time to Complete Discovery. In his motion, he requested until October 12, 2009, to designate experts and indicated that he encountered problems obtaining

evaluations and reports from Dr. Crown; therefore, he wanted an opportunity to designate Dr. Simone J. Simone. In the amended designation of experts, Plaintiff deleted Dr. Crown and added Dr. Simone. He also re-designated Dr. Christiansen, Drechsel, and unidentified treating physicians.

On September 23, 2009, Defendants filed a [171] Motion to Strike Plaintiff's amended designation of experts and argued that the designations of Dr. Simone, Dr. Christiansen, and unidentified treating physicians were still incomplete. The expert disclosures again failed to provide data and other information considered by the experts and the disclosures did not include written and signed reports from the experts. However, Defendant acknowledged that the designation of William Drechsel included the necessary written report. On September 29, 2009, the Court granted Plaintiff's motion for an extension of time to designate experts and consequently denied Defendants' [171] Motion to Strike. In doing so, however, the Court cautioned Plaintiff that "absent a showing of good cause this is his final opportunity to cure defects in any of his expert designations." The Court set a deadline of October 12, 2009, for Plaintiff to fully designate experts.

Plaintiff's October 12, 2009, deadline has expired. There is no indication in the docket that Plaintiff supplemented his expert designations. On October 20 & 21, 2009, Defendants filed the instant [177, 178] Motions to Strike. Plaintiff has failed to respond to the motions to strike and the time for doing so has passed. In [179, 180, 187] motions for extensions, Defendants indicated that on October 23, 2009, they received as an email attachment a report from Dr. Simone. But for Defendants' motions, the Court would not have been aware of Dr. Simone's report as Plaintiff has neither filed a notice of supplementation nor filed a response to the

2

motions to strike. Dr. Simone's untimely report is not currently a part of the court record.

Based on the record before the Court, none of the experts identified by Plaintiff (other than Drechsel) has provided the data or other information considered in forming the expert's opinion nor submitted a signed and written report that conforms with the requirements of Rule 26. Consequently, Defendants are unable to cross-examine these experts regarding their opinions and are unable to designate their own rebuttal experts. Even if the Court were to recognize Dr. Simone's untimely report as somehow curing the defect in her designation, there is no indication that the expert designations of Crown, Christiansen or the unidentified treating physicians have been adequately supplemented. The undersigned concludes that Plaintiff has failed to file a timely response to the motions to strike, which by itself would justify granting the motion pursuant to Local Rule 7.2(C)(2). Moreover, Plaintiff has failed to file timely and complete expert designations despite repeated opportunities to do so.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [177, 178] Motions to Strike Experts be GRANTED and that Plaintiff's designation of experts Barry M. Crown, Thomas H. Christiansen, Simone J. Simone, and unidentified treating physicians be stricken and their testimony prohibited at trial. Given the severity of a sanction striking Plaintiff's experts, the undersigned felt it appropriate to rule on these motions via a report and recommendation.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the

time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 19th day of November, 2009.

                                s/ *Robert H. Walker*  
                                UNITED STATES MAGISTRATE JUDGE