# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ONLY AL-KHIDHR | § | PLAINTIFF |
| | § | |
| VERSUS | § | CAUSE NO. 1:07cv1223-LG-RHW |
| | § | |
| HARRISON COUNTY, MISSISSIPPI, BY | § | |
| AND THROUGH ITS BOARD OF | § | |
| SUPERVISORS; et al. | § | DEFENDANTS |

## ORDER ADOPTING IN PART AND MODIFYING IN PART
## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This cause comes before the Court on the Proposed Findings of Fact and Recommendation [189] of United States Magistrate Judge Robert H. Walker, entered in this cause on November 19, 2009, in which he recommends striking Plaintiff Only Al-Khidhr's expert Dr. Barry Crown and granting Defendants George Payne, Rick Gaston, and Morgan Thompson's motions [177, 178] to strike Al-Khidhr's experts Dr. Thomas H. Christiansen, Dr. Simone J. Simone, and unnamed treating physicians. Al-Khidhr objects and argues that the sanction of a stricken expert is not warranted. The Court has conducted a *de novo* review of the objections, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge should be adopted in part and modified in part.

### FACTS AND PROCEDURAL HISTORY

Al-Khidhr originally designated Dr. Barry M. Crown, William Drechsel, Dr. Christiansen, and unnamed treating physicians as his experts on July 15, 2009. On September 3, Magistrate Judge Walker denied Defendants' motions to strike these experts, "[d]espite Plaintiff's failure to respond to the motions to strike . . . in the interests of justice and in order to

maintain consistency of rulings [in companion cases]." (1st Order Denying Mots. to Strike at 1-2). Al-Khidhr was given until September 17 to supplement the designation. That is because he did not give the experts' opinions.

On September 17, he filed his Amended Designation of Expert Witnesses for Trial [165]. This time, he substituted Dr. Simone in place of Dr. Crown. Al-Khidhr stated, "At this time Dr. Simone's report is unavailable. Plaintiff expects to have an evaluation by Dr. Simone on or about September 28, 2009, with a completed report on or about October 9, 2009." (Pl.'s Am. Designation at 1). Drechsel's opinion was provided. Dr. Christiansen's was not. Along with the amendment, Al-Khidhr filed his Second Motion to Enlarge Time for Plaintiff to Designate Expert Witnesses [166]. Because he was having logistical difficulties in getting Dr. Crown, an out of state psychologist, to evaluate Al-Khidhr, he needed more time so Dr. Simone could evaluate him instead. He therefore sought until October 12 to supplement his designation as to Dr. Simone. Payne again filed a motion to strike all experts, including Dr. Simone. Magistrate Judge Walker denied the motion to strike and granted Al-Khidhr until October 12 to supplement his designation. Since October 12 was a federal holiday, the supplementation was due on October 13, by operation of Federal Rule of Civil Procedure 6.

On October 6, Al-Khidhr met with Dr. Simone. She finalized her report ten days later, which was after the deadline set by the Court. On October 20 and 21, Defendants filed the instant motions to strike Dr. Christiansen, Dr. Simone, and the unnamed treating physicians. On Friday, October 23, Al-Khidhr emailed Dr. Simone's report to Defendants but did not file an amended designation nor responses to the motions to strike. On Monday, October 26, Defendants moved to continue their own expert designation deadlines, stating that they had

2

received the untimely report and needed more time for their experts to evaluate it. Magistrate Judge Walker recommended striking Dr. Crown, Dr. Christiansen, Dr. Simone, and the unnamed treating physicians. In response to the recommendation, Al-Khidhr provided the report as well as an additional supplementation to the Court and asked that Dr. Simone's testimony not be stricken.

## DISCUSSION

### Dr. Crown

Although the Magistrate Judge recommended striking Dr. Crown, he is no longer an issue in this case. Al-Khidhr no longer wishes to call Dr. Crown, and Defendants did not move to have him stricken. Therefore, the recommendation is hereby modified to the extent that it discusses Dr. Crown.

### Dr. Christiansen and Unnamed Treating Physicians

Al-Khidhr states that he has no objection to striking Dr. Christiansen and the unnamed treating physicians. Therefore, this portion of the Proposed Findings of Fact and Recommendation is hereby adopted as the opinion of this Court.

### Dr. Simone

Magistrate Judge Walker recommended striking Dr. Simone's testimony, because "Dr. Simone's untimely report is not currently part of the court record. . . . The undersigned concludes that Plaintiff has failed to file a timely response to the motions to strike, which by itself would justify granting the motion pursuant to Local Rule 7.2(C)(2)." (Proposed Findings of Fact and Recommendation at 3). However, "[g]iven the severity of a sanction striking Plaintiff's experts, [Magistrate Judge Walker] felt it appropriate to rule on these motions via a

3

report and recommendation." *Id.* Al-Khidhr acknowledges that he untimely supplemented Dr. Simone's designation and failed to file it with the Court, but asks the Court to refrain from the sanction of striking the testimony. Al-Khidhr states that this was the fault of his lead counsel, not Plaintiff, and he asks that lead counsel be sanctioned instead. Defendants argue that there is not an adequate excuse for the delay and that they will be prejudiced if they are not given an extension of time to designate their own rebuttal experts.

Federal Rule of Civil Procedure 16(b)(4) allows a scheduling modification only for good cause and with the District Judge's consent. *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). The Court considers four factors in determining whether there is good cause: "(1) the explanation for the failure to [identify the evidence]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.*

Magistrate Judge Walker was provided with no explanation for Al-Khidhr's failure to timely supplement Dr. Simone's designation. The explanation the Court is now given for failure was that Plaintiff's counsel did not understand the Federal Rules of Civil Procedure. This is not an adequate explanation. Counsel are expected to be familiar with the rules of court, and Plaintiff's counsel does not specify what his misunderstanding was. There is evidence that the reason for the untimeliness is due, in part, to the fact that Dr. Simone did not draft her report until three days after the designation deadline. There is no reason given for why Dr. Simone did not draft the report until October 16, nor why Al-Khidhr did not produce it until the 23rd, but the Court is not provided any evidence or argument that it is linked to any misconduct on the part of Al-Khidhr himself, as opposed to third parties.

4

The parties agree that the expert testimony is important to Al-Khidhr's claim for, as well as to Defendants' ability to defend against, damages. The prejudice Defendants claim is that they will need an extension of time to designate their own experts.

In any event, Defendants acknowledge that any prejudice can be cured by a continuance, which they have requested, for additional time to designate rebuttal experts as well as to conduct a possible independent medical examination of Al-Khidhr. Gaston and Thompson indicated that they have already retained such an expert.

The Court finds that there is good cause for an extension of Plaintiff's designation deadline with regard to Dr. Simone. Therefore the Court accepts the latest supplementation of her opinion. Further, the Court finds that Defendants shall be granted until August 27, 2010, to designate an expert to rebut Dr. Simone and to conduct any discovery related to her opinion and Al-Khidhr's alleged emotional and mental damages. The trial of this cause is continued from the September trial calendar to the three-week trial calendar beginning January 10, 2011. The parties shall immediately contact Magistrate Judge Walker to set a new dispositive motion deadline.

Although the conduct in the case does not warrant the striking of Dr. Simone, the record indicates that Al-Khidhr's counsel ignored Magistrate Judge Walker's order to have the amended designation filed by October 13. The two attorneys neither requested more time, filed the designation, nor filed a response to the motions to strike. On several occasions, throughout this litigation, Al-Khidhr's attorneys failed to keep the Magistrate Judge informed of the status of Plaintiff's expert disclosures, whether they were forthcoming, why they were late, that the attorneys had sent them by email to opposing counsel. It was not until over one month later, when Magistrate Judge Walker recommended striking the expert that his counsel made any effort

to inform the Court on the status of this discovery. The Court finds that this conduct warrants a lesser sanction for the disregarding of Magistrate Judge Walker's order. Therefore Al-Khidhr's attorneys shall be responsible for all reasonable costs associated with the taking of Dr. Simone's deposition in this case.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [189] of United States Magistrate Judge Robert H. Walker, entered on November 19, 2009, be, and the same hereby is, adopted in part and modified in part consistent with this opinion.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant George Payne's Motion to Strike [177] should be and is hereby **GRANTED** as to Dr. Thomas Christiansen and unnamed treating physicians. The remainder is **DENIED**. Plaintiff's attorneys shall be responsible for all reasonable costs associated with the taking of Dr. Simone's deposition in this case.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Rick Gaston and Morgan Thompson's Motion to Strike [178] should be and is hereby **GRANTED** as to Dr. Thomas Christiansen and unnamed treating physicians. The remainder is **DENIED.** Plaintiff's attorneys shall be responsible for all reasonable costs associated with the taking of Dr. Simone's deposition in this case.

**SO ORDERED AND ADJUDGED** this the 28th day of June, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE