UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| ONLY AL-KHIDHR | § | PLAINTIFF |
| --- | --- | --- |
| VERSUS | § | CAUSE NO. 1:07cv1223-LG-RHW |
| HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; HARRISON COUNTY SHERIFF GEORGE PAYNE, IN HIS OFFICIAL CAPACITY; SUPERVISOR OF BOOKING CAPTAIN RICK GASTON, ACTING UNDER COLOR OF STATE LAW; CORRECTIONS OFFICER MORGAN THOMPSON, ACTING UNDER COLOR OF STATE LAW; and CORRECTIONS OFFICER THOMAS MOORE, ACTING UNDER COLOR OF STATE LAW | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING GASTON AND THOMPSON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

BEFORE THE COURT is Defendants Rick Gaston and Morgan Thompson's Motion to Dismiss Plaintiff's 42 U.S.C. § 1985 and 42 U.S.C. § 1986 Claims for Failure to State a Claim Upon Which Relief can be Granted [197]. Plaintiff Only Al-Khidhr brought this action for the alleged abuse he received at the Harrison County Adult Detention Center (HCADC). Movants argue that the Second Amended Complaint fails to state claims under Sections 1985 and 1986. Al-Khidhr did not respond. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted.

**FACTS AND PROCEDURAL HISTORY**

According to the Second Amended Complaint, Thompson, Defendant Thomas Moore and

other Harrison County deputies used excessive force on Al-Khidhr by kicking and otherwise striking him while he was a pre-trial detainee at the HCADC. He was denied medical treatment for the injuries he sustained as a result. Al-Khidhr alleges that Thompson and others conspired to abuse Al-Khidhr and other pre-trial detainees and that Movants and Moore conspired to cover-up the abuse. The Second Amended Complaint invokes Section 1983 and 1985.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, Al-Khidhr must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

SECTION 1985 CONSPIRACIES

Al-Khidhr purports to bring conspiracy claims under Section 1985. Movants argue that the Second Amended Complaint fails to state a Section 1985 conspiracy claim because it does "not describe the type of conspiracies proscribed by these statutes." (Gaston and Thompson's 2d Mem. Dismiss at 1).

Section 1985 provides a cause of action for several types of conspiracies, under subsections one through three. 42 U.S.C. § 1985. Al-Khidhr does not expressly cite to the portion or portions of Section 1985 on which he relies. Movants first argue that the Second Amended Complaint fails to state a Section 1985(1) claim, because it does not allege they conspired to interfere with a federal official's performance of his duties. Subsection one provides:

> If two or more persons in any State . . . conspire to prevent, *by force, intimidation, or threat*, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; *or to induce by like means* any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, *or to injure him in his person or property* on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties
> . . .
> the party so injured . . . may have an action for the recovery of damages, occasioned by such injury . . . against any one or more of the conspirators.

42 U.S.C. § 1985(1), (3) (emphasis added).

The Second Amended Complaint alleges that Thompson conspired with others to abuse Al-Khidhr and that Movants conspired to conceal the abuse. Specifically, it is alleged that, "Defendant Officers Gaston and Moore, conspired to, and did in fact, prepare false reports of the incident, which constitute further actions to deny Al-Khidhr's due process and related civil rights." (2d Am. Compl. at 9 (¶19)). Gaston and Moore as "[s]upervisors and supervisory personnel of the HCADC had actual knowledge and acquiescence of their Correctional Officers and other employees' injurious actions against Al-Khidhr." *Id.* at 12 (¶29). Moore was also one of the officers who committed the excessive force. Further:

3

> After Al-Khidhr's beating, Defendants participated in a conspiratorial scheme to camouflage, cover-up, falsely explain and/or deny what in truth and in fact happened to Al-Khidhr.
>
> In aid of their conspiracy, Defendant Gaston directly, intentionally and falsely accused Al-Khidhr of having illegal narcotics in his system, accused him of assaulting Correctional Officers and accused him of committing further criminal acts for which Al-Khidhr could be charged, prosecuted and punished.
>
> Defendants . . . Thompson and Moore further made false statements that Al-Khidhr had been injured prior to arriving at the HCADC.
>
> Defendant Gaston also threatened Al-Khidhr with criminal prosecution "for making knowingly false accusations against law enforcement officers" if Al-Khidhr persisted in his complaints of abuse by the HCADC Corrections Officers.
> . . .
>
> The false statements and threats were made in furtherance of a conspiracy to deprive Plaintiff Al-Khidhr of his due process and related civil rights.
>
> In furtherance of this conspiracy, Defendant Moore prepared a false report of the incident and circumstances surrounding the beating of Plaintiff Al-Khidhr. After filing his "false report", Defendant Moore was contacted at home by Defendant Gaston (his supervisor), who instructed him to return to the HCADC to make changes to the report, resulting in a "more false report" being filed.

*Id.* at 13 (¶¶31-34, 36-37). There is no allegation, however, that this included a conspiracy to use force, intimidation, or threat of a federal official, or to injure a federal officer's person or property. Therefore, the Second Amended Complaint does not state a claim under subsection one.

Subsection two prohibits conspiracies to interfere with federal and state court proceedings. 42 U.S.C. § 1985(2). It specifically prohibits conspiracies between:

> two or more persons in any State . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .; or if two or more persons conspire for the purpose of

> impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). The Second Amended Complaint does not allege that Al-Khidhr was a party or witness in a federal court proceeding. There is no allegation that he was injured for having testified or attended a federal court proceeding. As for the state court proceeding portion of this statute, it requires a showing of racial or other class-based animus. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986). For the reasons discussed below, he does not allege any racial or class-based animus behind the conspiracy. Further, he does not allege that he was injured while trying to protect the equal rights of others. Therefore the Second Amended Complaint does not state a claim under subsection two.

Finally, subsection three prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. § 1985(3). Again, a conspiracy to deprive another of the equal protection of the laws, requires a showing that "some racial, or class-based discriminatory animus lay behind the conspiracy." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). "It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993). Some Fifth Circuit cases only accept racial claims under this provision. *Horaist*, 255 F.3d at 271 n.12; *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998); *Deubert v. Gulf Fed. Savs. Bank*, 820

5

F.2d 754, 757 (5th Cir. 1987). *Deubert* held, "*it is well-established* in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Id.* (emphasis added). However, *Deubert* did not address its contemporary cases which held otherwise. For example, one such case held, "*It is well-settled* law that discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based." *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987) (emphasis added). These other Fifth Circuit cases require a class that is based on an "inherited or immutable characteristic," political belief, or association. *Sullivan v. County of Hunt*, 106 Fed. Appx. 215, 220 (5th Cir. 2004); *Hamill v. Wright*, 870 F.2d 1032, 1037-38 (5th Cir. 1989); *McLean v. Internat'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987) (scapegoat employees not protected class, because it "does not possess discrete, insular and immutable characteristics similar to race, national origin or sex"); *Galloway*, 817 F.2d at 1159; *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1066 (5th Cir. 1980). Of course, none of these cases found the allegations of non-racial animus at issue to be sufficient.

Under either view, the Second Amended Complaint here misses the mark. The only characteristic Al-Khidhr alleges he and the other alleged victims share is that they were "accused and arrested citizen[s] temporarily incarcerated as . . . 'pre-trial detainee[s],'" "other inmates," and "other detainees held in Booking." (2d Am. Compl. at 1, 3, 37 (¶¶1, 5)). His allegations, taken as true, do not state a conspiracy motivated by race, another inherited or immutable characteristic, political belief, or association. *Accord*, *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 822 (W.D. Tex. 2007) ("those arrested by the El Paso Police Department" not sufficient to allege racial or class-based animus under Section 1985(2)).

Further there is no allegation that the conspiracy was to prevent another from voting or advocating in a federal election. Therefore the Second Amended Complaint fails to state a claim under Section 1985(3). The Section 1985 claims against Movants are dismissed without prejudice.

## II. Section 1986

Movants ask for dismissal of the Section 1986 claim. This statute provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. In other words, the existence of a Section 1985 conspiracy is an element of the Section 1986 claim. Because Al-Khidhr has failed to plead this element, he has not stated a Section 1986 claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Rick Gaston and Morgan Thompson's Motion to Dismiss Plaintiff's 42 U.S.C. § 1985 and 42 U.S.C. § 1986 Claims for Failure to State a Claim Upon Which Relief can be Granted [197] should be and is hereby **GRANTED.** These claims are dismissed against Gaston and Thompson without prejudice.

**SO ORDERED AND ADJUDGED** this the 28th day of June, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE