Case 1:07-cv-01223-LG-RHW    Document 250-2    Filed 10/25/10    Page 1 of 45

Case 1:06-cv-00912-LG-JMR    Document 212-16    Filed 12/10/2008    Page 1 of 8
Case 1:06-cr-00116-LG-JMR    Document 5    Filed 11/22/2006    Page 1 of 8



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 2 2 2006

J.T. NOBLIN, CLERK
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

UNITED STATES OF AMERICA )
                         )
     v.                  )               *1:06cv116*
                         )
MORGAN LEE THOMPSON )

## PLEA AGREEMENT

    Morgan Lee Thompson, the Defendant, and his attorney, James L. Farrior, III, have been notified that:

1.    **Defendants Obligations**

    If the Defendant waives indictment and tenders a plea of guilty to a one count criminal information to be filed in this case, charging him with the felony crime of *Conspiracy to Deprive Rights Under Color of Law*, in violation of 18 U.S.C. § 241, and if he fully cooperates with federal and state law enforcement, as well as, the Criminal Section of the U.S. Department of Justice, Civil Rights Division and the United States Attorney for the Southern District of Mississippi ("Government") and with the District Attorney for the Second Circuit Court District of Mississippi ("District Attorney"), as set out in paragraphs 9 and 10.

2.    **Government's Obligations**

    a)    Thereafter, the Government will recommend that the Court: (i) accept the Defendant's plea of guilty; and (ii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the Government deems relevant to sentencing, including the nature and extent of Defendant's cooperation with the Government.

    b)    The Defendant has timely notified the Government of his intent to enter a plea of guilty. If the Defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), and if the Defendant's offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is a level 16 or greater, the Government will move for an additional one-level decrease in the guidelines in accordance with U.S.S.G. § 3E1.1(b).

    c)    Should the Government determine that Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution, and has fully complied with the understandings specified in this Agreement, then the government may submit a motion pursuant to United States Sentencing Guidelines ("U.S.S.G.")



Exhibit
2

§ 5K1.1 (and Title 18, United States Code, Section 3553(e), if applicable), requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5). The determination as to whether Defendant has provided such substantial assistance shall rest solely with the Government. Should any investigation in which Defendant offers information be incomplete at the time of his sentencing, the Government may, in lieu of a downward departure at sentencing, move for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at such time as the cooperation is complete. It is understood that, even if such a motion is filed, the sentence to be imposed on Defendant remains within the sole discretion of the Court.

## 3.    Count of Conviction

It is understood that, as of the date of this Plea Agreement, the Defendant and his attorney have indicated that the Defendant desires to plead guilty to Count One of the Information.

## 4.    Sentence

The Defendant understands that the penalty for the offense charged in Count 1 of the Information, charging a violation of Title 18, United States Code, Section 241, is a term of imprisonment not to exceed ten (10) years; a term of supervised release of not less than three (3) years; and a fine of up to $250,000. The Defendant further understands that a term of supervised release will be imposed and that the term will be in addition to any prison sentence he receives; further, if any of the terms of supervised release are violated, the Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to the Defendant's violation of those conditions. It is further understood that the Court may require the Defendant to pay restitution in this matter in accordance with applicable law. The Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which is not limited to the count of conviction.

## 5.    Stipulation

The Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the Information. In pleading guilty, the Defendant admits and stipulates to the following facts that establish his guilt beyond a reasonable doubt:

Morgan Lee Thompson is a former Harrison County Sheriff's Department Corrections Officer who worked the Harrison County Adult Detention Center ("Jail"). Thompson worked at the Jail from on or about May 17, 2004, through on or about September 25, 2006. For most of that time, Thompson was assigned to the Jail's Booking area.

While he was employed at the Jail and acting under color of law, Thompson conspired with other employees at the Jail, also acting under color of law, to injure, threaten, and intimidate inmates

at the Jail by willfully using excessive and unnecessary physical force against those inmates. The conspiracy began on a date uncertain before May 17, 2004, and continued through at least August 28, 2006.

Thompson and his co-conspirators engaged in a pattern of conduct that included, but was not limited to, Thompson and other officers striking, punching, kicking, choking, and otherwise assaulting inmates, knowing that the physical force was unnecessary, unreasonable, and unjustified.

During the conspiracy, Thompson participated in over one hundred assaults against inmates. Thompson observed co-conspirators participate in over one hundred additional assaults against inmates at the Jail. Thompson also heard co-conspirators boasting about their participation in willful and intentional uses of excessive force. The physical abuse of the inmates usually occurred in the Booking area, the holding cells, the Booking shower, the "B" hallway, the exercise yard, or in the housing blocks.

In addition, Thompson conspired with other officers to conceal these instances of physical abuse of inmates. Thompson and his co-conspirators attempted to, and did in fact, conceal their abusive conduct by failing to document their excessive uses of force, and by giving false statements and writing false, vague, and misleading reports.

The conspiracy included the February 4, 2006, assault committed by officers against Jessie Lee Williams, Jr. ("Williams"), an inmate who died after his interaction with the officers. During the Williams assault, Corrections Officers Ryan Michael Teel and Regina Lynn Rhodes committed numerous physical acts that were not justified uses of force. Those acts included, but were not limited to, Teel striking, punching, choking, and otherwise assaulting Williams in the head, neck and other areas of Williams' body. The assault by Teel and Rhodes occurred while Williams was restrained and the circumstances did not justify any use of force. Thompson assisted Teel by helping to restrain Williams during part of the unjustified assault. Williams lapsed into unconsciousness shortly after those acts.

In furtherance of the conspiracy, Thompson wrote and submitted a false, misleading, and intentionally vague report concerning the Williams incident. On or about February 8, 2006, Mississippi Highway Patrol agents interviewed Thompson. During that interview, and in furtherance of the conspiracy, Thompson provided false, misleading, and intentionally vague information concerning the Williams incident. On or about June 14, 2006, Federal Bureau of Investigation agents interviewed Thompson. During that interview, and in furtherance of the conspiracy, Thompson provided false, misleading, and intentionally vague information concerning the Williams incident, as well as other acts that took place during the conspiracy.

The information contained in this Stipulation is provided solely to assist the Court in determining whether a factual basis exists for the Defendant's plea of guilty. The Stipulation does not contain every fact known to the Defendant and to the Government concerning the Defendant's and/or other's involvement in the offense conduct and other matters.

6.    **Forfeitures**

None.

7.    **This Plea Agreement does NOT Bind the Court**

It is further understood that the Court, in accord with the principles of Rules 11(c)(1)(B) of the Federal Rules of Criminal Procedure, is not required to accept the recommendation of the Government, but may sentence the Defendant to the maximum fine and imprisonment as provided by law, and the Government has no other obligation in regard to sentencing than as stated in paragraph 2.

8.    **Determination of Sentencing Guidelines**

It is further understood that the United States Sentencing Guidelines are advisory and that the Defendant and the Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. The Defendant acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering his plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

9.    **Willingness to Cooperate**

It is further understood and specifically acknowledged by the Defendant that the consideration for the action taken by the Government herein is the Defendant's representation, by execution of this Plea Agreement and otherwise, that the Defendant both can and will carry out the terms and conditions contained herein.

10.    **Terms of Cooperation**

It is further understood that full cooperation referred to in paragraph 1 includes:

a)    immediate and truthful disclosure of all matters involved in this charge to the appropriate federal and state agents;

b)    truthful and complete disclosure of other matters involving possible violations of federal law to the appropriate federal or state agency as directed by the Government;

c)    truthful testimony at any trial involving any matter arising from these charges, in federal or state court;

d)    truthful testimony before any Grand Jury or at any trial in this or any other district on any matter about which the Defendant has knowledge and which is deemed pertinent to the Government;

e)    full and truthful cooperation with the Government, with any law enforcement agency designated by the Government, and/or the District Attorney's office;

Case 1:07-cv-01223-LG-RHW    Document 250-2    Filed 10/25/10    Page 5 of 45

Case 1:06-cv-00912-LG-JMR    Document 212-16    Filed 12/10/2008    Page 5 of 8
Case 1:06-cr-00116-LG-JMR    Document 5    Filed 11/22/2006    Page 5 of 8

f)     attendance at all meetings at which the U.S. Attorney or the District Attorney requests his presence;

(g)    provision to the Government, upon request, of any document, record, or other tangible evidence relating to matters about which the Government, any designated law enforcement agency, and/or the District Attorney inquires of him; and

(h)    an obligation on the part of the Defendant to commit no further crimes whatsoever.

## 11.    Limits on Further Prosecution

It is further understood that the Government and the District Attorney will seek no further criminal prosecution of the Defendant for any acts or conduct by the Defendant as of the date of this Agreement, arising out of any event covered by the Information referenced in paragraph 1, if the Defendant voluntarily, truthfully, and completely discloses all information and knowledge that the Defendant possesses. Should the Defendant not voluntarily and completely disclose, then as to that matter, the Government and/or the District Attorney is free to seek prosecution of the Defendant. This Plea Agreement does not provide any protection against prosecution for any crimes except as set forth above.

## 12.    Breach of this Agreement

It is further understood that should the Defendant fail or refuse as to any part of this Plea Agreement or commit any other crimes, the representations by the United States or the District Attorney in paragraphs 2 and 11 above are rescinded, and the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions that the Government or the District Attorney has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

If the Defendant fails to fulfill his obligations under this Plea Agreement, the United States may seek release from any or all obligations under this Plea Agreement. If the Defendant fails to fulfill his obligations under this Plea Agreement, the Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement or any leads derived therefore, should be suppressed or are inadmissible. Whether the Defendant has breached any provision of this Plea Agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding at which the Defendant's disclosures and documentary evidence shall be admissible and at which the United States shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

## 13.    Binding Effect on this Federal District or Upon the District Attorney

It is further understood that this Plea Agreement does not bind any other state or local prosecuting authorities or any other federal district, except as otherwise provided herein; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or

Case 1:07-cv-01223-LG-RHW    Document 250-2    Filed 10/25/10    Page 6 of 45

Case 1:06-cv-00912-LG-JMR    Document 212-16    Filed 12/10/2008    Page 6 of 8
Case 1:06-cr-00116-LG-JMR    Document 5    Filed 11/22/2006    Page 6 of 8

criminal, involving the tax statutes of the United States.

14.    **Financial Obligations**

It is further understood and specifically agreed to by the Defendant that, at the time of the execution of this document or at the time his plea is entered, the Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, § 3013, to the Office of the United States District Court Clerk; the Defendant shall thereafter produce proof of payment to the Government or to the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time of the plea is waived, but the Defendant agrees that it may be payable first from any funds available to the Defendant while he is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in § 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation upon the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs his participation or imposes a schedule of payments.

15.    **Further Crimes**

It is further understood that should the Defendant commit any further crimes, this Plea Agreement shall be deemed violated and he shall be subject to prosecution for any federal or state criminal violation of which the Government has knowledge, and that any information provided by him may be used against him.

16.    **Waivers**

The Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to a trial by jury, to subpoena witnesses on his own behalf, to confront any witnesses against him, and to appeal his conviction and sentence, in exchange for the recommendations and concessions made by the Government or the District Attorney in this Plea Agreement, hereby expressly waives the above rights and the following:

    a.    The right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, § 3742, on any ground whatsoever; and

    b.    The right to contest the conviction and sentence or the manner in which the sentence

Case 1:07-cv-01223-LG-RHW    Document 250-2    Filed 10/25/10    Page 7 of 45

Case 1:06-cv-00912-LG-JMR    Document 212-16    Filed 12/10/2008    Page 7 of 8
Case 1:06-cr-00116-LG-JMR    Document 5    Filed 11/22/2006    Page 7 of 8

was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, § 2255, and any type of proceeding claiming to double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case; and

c.    Any right to seek attorney's fees and/or costs under the *Hyde Amendment*, as codified at Title 18, United States Code, § 306A, and the Defendant acknowledges that the Government's position in the instant prosecution is not merely frivolous, vexatious, or undertaken in bad faith; and

d.    All rights, whether asserted directly or through a representative, to request or receive any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or his representative under the Freedom of Information Act, set forth at Title 5, United States Code, § 552, or the Privacy Act of 1974, at Title 5, United States Code, § 552a.

e.    The Defendant further acknowledges and agrees that any factual issues regarding his sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and the Defendant waives any right to a jury determination of these sentencing issues. The Defendant further agrees that, in making its sentencing decision, the District Court may consider any relevant evidence without regard to its admissibility under the Rules of Evidence applicable at trial.

**The Defendant waives these rights in exchange for the recommendation and concessions made by the Government and the District Attorney in this Plea Agreement.**

17.    **Future Contact with the Defendant**

The Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment, or any combination of these is ordered in the Defendant's case, that this will require regular contact with the Defendant during any period of incarceration, probation, and supervised release. Further, the Defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the Government immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent the Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the Government does not receive any written acknowledgment from defense counsel within two weeks of entry of judgment in this case, the Government will presume that defense counsel no longer represents the Defendant and the Financial Litigation Unit will communicate directly with the Defendant regarding collection of the financial obligations imposed by the Court. The Defendant and his attorney understand and agree that such direct contact with the Defendant shall not be deemed an improper *ex parte* contact with the Defendant if defense counsel fails to notify the Government of any continued legal representation within two weeks after the date of entry of the judgment in this case.

18.    <u>Complete Agreement</u>

It is further understood that this Plea Agreement completely reflects all promises, agreements, and conditions made by and among the Government, the District Attorney, and the Defendant.

**The Defendant and his Attorney of record declare that the terms of this Plea Agreement have been:**

1.    READ TO OR BY HIM;
2.    EXPLAINED TO HIM BY HIS ATTORNEY;
3.    UNDERSTOOD BY HIM;
4.    VOLUNTARILY ACCEPTED BY HIM; and
5.    AGREED TO AND ACCEPTED BY HIM.

WITNESS OUR SIGNATURES, as set forth below on November 21, 2006.

FOR THE GOVERNMENT:                    FOR THE DEFENDANT:

_____  21 Nov 2006    _____  _____
Dunn Lampton                  Date         Morgan Lee Thompson         Date
United States Attorney                     Defendant
by: Jack Brooks Lacy, Jr.
Assistant United States Attorney

_____  11.21.06        _____  11-21-06
Lisa M. Krigsten              Date         James L. Farrior III, Esq.   Date
Special Litigation Counsel                 Attorney for Defendant
Civil Rights Division, Criminal Section

_____  21 Nov 2006
John Cotton Richmond          Date
Trial Attorney
Civil Rights Division, Criminal Section

_____  11-21-2006
Cono Caranna                  Date
District Attorney
Second Circuit Court District

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

NOV 2 1 2006

J T NOBLIN, CLERK
BY_____DEPUTY

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 1:06cr116 LG JMR

MORGAN LEE THOMPSON

18 U.S.C. § 241

**The United States Attorney charges:**

From a date uncertain, but at least from May 17, 2004, through at least August 28, 2006, in the Southern District of Mississippi, the Defendant, **MORGAN LEE THOMPSON,** and others known and unknown to the United States, while employed by the Harrison County Sheriff's Department and acting under color of law, did knowingly and willfully combine, conspire and agree with others to injure, threaten, oppress, and intimidate inmates at the Harrison County Adult Detention Center in the free exercise and enjoyment of rights and privileges secured to them by the Constitution and laws of the United States, namely the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of unreasonable and excessive force amounting to punishment by one acting under color of law, wherein acts committed in furtherance of this conspiracy resulted in bodily injury to inmates, all in violation of Sections 241 and 2, Title 18, United States Code.

DUNN LAMPTON
United States Attorney

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

NOV 2 1 2006

J. T. NOBLIN, CLERK
BY_____ DEPUTY

# CRIMINAL CASE COVER SHEET
## U.S. District Court
PLACE OF OFFENSE:

**RELATED CASE INFORMATION:**

CITY: _____

SUPERSEDING INDICTMENT _____ DOCKET #_____
SAME DEFENDANT _____ NEW DEFENDANT _____

COUNTY: __HARRISON__

MAGISTRATE JUDGE CASE NUMBER _____
SEARCH WARRANT CASE NUMBER _____
R 20/ R 40 FROM DISTRICT OF_____

**DEFENDANT INFORMATION:**

JUVENILE: _____ YES __X__ NO

MATTER TO BE SEALED: _____ YES __X__ NO

NAME/ALIAS: __MORGAN LEE THOMPSON_____

**U.S. ATTORNEY INFORMATION:**

AUSA __JLACY_____ BAR # __1757_____

INTERPRETER: __X__ NO_____ YES LIST LANGUAGE AND/OR DIALECT: _____

**LOCATION STATUS:** ARREST DATE _____

____ ALREADY IN FEDERAL CUSTODY AS OF _____
____ ALREADY IN STATE CUSTODY
____ ON PRETRIAL RELEASE

**U.S.C. CITATIONS**

TOTAL # OF COUNTS: __1__ _____ PETTY _____ MISDEMEANOR ____1__ FELONY

| (CLERK'S OFFICE USE ONLY) | INDEX KEY/CODE | DESCRIPTION OF OFFENSE CHARGED | COUNT(S) |
|---|---|---|---|
| Set 1 18 USC 241,F | 18USC§ 241 | Conspiracy Against Rights | 1 |
| Set 2 _____ | _____ | _____ | _____ |
| Set 3 _____ | _____ | _____ | _____ |
| Set 4 _____ | _____ | _____ | _____ |

Date: __11-16-06_____ **SIGNATURE OF AUSA:** _Jack B. Lacy_

| AO 435 (Rev. 03/08) | Administrative Office of the United States Courts | FOR COURT USE ONLY |
|---|---|---|
| Please Read Instructions: | **TRANSCRIPT ORDER** | DUE DATE: |

| 1. NAME | 2. PHONE NUMBER | 3. DATE |
|---|---|---|
| John A. Foxworth Jr, Foxworth Law Office | (228) 328-0202 | 4/18/2008 |

| 4. MAILING ADDRESS | 5. CITY | 6. STATE | 7. ZIP CODE |
|---|---|---|---|
| PO Box 2345 | Gulfport | MS | 39505 |

| 8. CASE NUMBER | 9. JUDGE | DATES OF PROCEEDINGS |
|---|---|---|
| 1:2006cr00116 | GUIROLA | 10. FROM 11/5/2007   11. TO 11/5/2007 |

| 12. CASE NAME | LOCATION OF PROCEEDINGS |
|---|---|
| USA v. Morgan Thompson | 13. CITY Gulfport   14. STATE MS |

15. ORDER FOR
- [ ] APPEAL
- [x] CRIMINAL
- [ ] CRIMINAL JUSTICE ACT
- [ ] BANKRUPTCY
- [ ] NON-APPEAL
- [ ] CIVIL
- [ ] IN FORMA PAUPERIS
- [ ] OTHER

16. TRANSCRIPT REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested)

| PORTIONS | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| [ ] VOIR DIRE | | [x] TESTIMONY (Specify Witness) | |
| [ ] OPENING STATEMENT (Plaintiff) | | Morgan Thompson | 11/5/2007 |
| [ ] OPENING STATEMENT (Defendant) | | | |
| [ ] CLOSING ARGUMENT (Plaintiff) | | [ ] PRE-TRIAL PROCEEDING (Spcy) | |
| [ ] CLOSING ARGUMENT (Defendant) | | | |
| [ ] OPINION OF COURT | | | |
| [ ] JURY INSTRUCTIONS | | [ ] OTHER (Specify) | |
| [x] SENTENCING | 11/5/2007 | | |
| [ ] BAIL HEARING | | | |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 2 2 2008
BY _____ J.T. NOBLIN, CLERK

17. ORDER

| CATEGORY | ORIGINAL (Includes Certified Copy to Clerk for Records of the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COST |
|---|---|---|---|---|---|
| ORDINARY | [x] | [ ] | NO. OF COPIES | | |
| 14-Day | [ ] | [ ] | NO. OF COPIES | | |
| EXPEDITED | [ ] | [ ] | NO. OF COPIES | | |
| DAILY | [ ] | [ ] | NO. OF COPIES | | |
| HOURLY | [ ] | [ ] | NO. OF COPIES | | |
| REALTIME | | | | | |

| CERTIFICATION (18. & 19.) By signing below, I certify that I will pay all charges (deposit plus additional). | ESTIMATE TOTAL | 0.00 |
|---|---|---|
| 18. SIGNATURE | PROCESSED BY | |
| 19. DATE 4/18/2008 | PHONE NUMBER | |

| TRANSCRIPT TO BE PREPARED BY | | | COURT ADDRESS | |
|---|---|---|---|---|
| ORDER RECEIVED | DATE | BY | | |
| DEPOSIT PAID | | | DEPOSIT PAID | 0.00 |
| TRANSCRIPT ORDERED | | | TOTAL CHARGES | 0.00 |
| TRANSCRIPT RECEIVED | | | LESS DEPOSIT | 0.00 |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | TOTAL REFUNDED | |
| PARTY RECEIVED TRANSCRIPT | | | TOTAL DUE | 0.00 |

DISTRIBUTION:    COURT COPY    TRANSCRIPTION COPY    ORDER RECEIPT    ORDER COPY

℀AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>SOUTHERN</td><td>District of</td><td>MISSISSIPPI</td></tr>
</table>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| Morgan Lee Thompson | |

| | |
|---|---|
| Case Number: | 1:06cr116LG-JMR001 |
| USM Number: | 08259-043 |
| | James Farrior |
| | Defendant's Attorney |

## THE DEFENDANT:

■ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 241 | Conspiracy against rights | | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/5/2007
Date of Imposition of Judgment

s/ Louis Guirola, Jr.

Signature of Judge

Louis Guirola, Jr., U.S. District Judge
Name and Title of Judge

11/8/2007
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

| | Judgment — Page 2 of 6 |
|---|---|
| DEFENDANT:    Morgan Lee Thompson | |
| CASE NUMBER:    1:06cr116LG-JMR-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

48 months as to Count 1

■ The court makes the following recommendations to the Bureau of Prisons:
   that Defendant be designated to an institution which is closest to his home for which he is eligible

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____2:00_____ ☐ a.m. ■ p.m. on _____ .

   ☐ as notified by the United States Marshal.

**OR**

   ■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons or, if not yet designated, to the United States Marshal
   ■ before 12 p.m. on ____January 14, 2008_____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:          Morgan Lee Thompson
CASE NUMBER:        1:06cr116LG-JMR-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

two years as to Count 1

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

`AO 245B`  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:     Morgan Lee Thompson
CASE NUMBER:   1:06cr116LG-JMR-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall provide the probation officer with access to any requested financial information.

2.  The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT:         Morgan Lee Thompson
CASE NUMBER:       1:06cr116LG-JMR-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $ | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $               0 | $               0 |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the    ☐  fine   ☐  restitution.

☐  the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:    Morgan Lee Thompson
CASE NUMBER:    1:06cr116LG-JMR-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ☐    Lump sum payment of $ ___100.00___ due immediately, balance due

        ☐    not later than _____ , or
        ☐    in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1                     UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF MISSISSIPPI
2                          SOUTHERN DIVISION

3

4    UNITED STATES OF AMERICA

5    V.

6    MORGAN THOMPSON          CRIMINAL ACTION NO. 1:06CR116

7

8                    **TRANSCRIPT OF PLEA HEARING**

9

10              BEFORE HONORABLE LOUIS GUIROLA, JR.
                    UNITED STATES DISTRICT JUDGE
11

12

13                        NOVEMBER 21, 2006
                        GULFPORT, MISSISSIPPI
14

15

16   COURT REPORTER:

17   TERI B. NORTON, RMR, FCRR
     2012 15TH STREET, SUITE 403
18   GULFPORT, MISSISSIPPI  39501
     (228) 563-1740
19

20

21

22

23

24

25

1  APPEARANCES:

2  REPRESENTING THE GOVERNMENT:

3          JOHN COTTON RICHMOND, ESQUIRE
           U. S. DEPARTMENT OF JUSTICE - WASHINGTON
4          601 D STREET, N.W., #5542
           WASHINGTON, D.C.  20004
5
           LISA KRIGSTEN, ESQUIRE
6          U. S. DEPARTMENT OF JUSTICE, CRIMINAL SECTION
           601 D STREET, N.W., #5114
7          WASHINGTON, D.C.  20016

8
   REPRESENTING THE DEFENDANT MORGAN THOMPSON:
9
           JAMES L. FARRIOR, ESQUIRE
10         POST OFFICE BOX 4369
           GULFPORT, MISSISSIPPI  39502
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        **THE COURT:**  United States of America versus Morgan

2  Lee Thompson.  I have it scheduled on my docket this afternoon

3  for a plea.  Is that correct?

4        **MR. RICHMOND:**  Yes, Your Honor.

5        **THE COURT:**  Gentlemen, we have a new court reporter,

6  and I know who you all are, but it would be helpful to the

7  court reporter if you identify yourselves and who you

8  represent.

9        **MR. RICHMOND:**  John Richmond and Lisa Krigsten for

10  the United States.

11        **MR. FARRIOR:**  James Farrior for the defendant.

12        **THE COURT:**  Mr. Farrior, are you and your client

13  ready to proceed?

14        **MR. FARRIOR:**  Yes, Your Honor.

15        **THE COURT:**  Would you come to the lectern, please?

16  It is my understanding that Mr. Thompson earlier today has been

17  before Judge Roper for an initial appearance; is that correct?

18        **MR. FARRIOR:**  That is correct, Your Honor.

19        **THE COURT:**  Mr. Thompson, an announcement has been

20  made to the Court, both by the attorney for the government, as

21  well as your own attorney, Mr. Farrior, that you wish to enter

22  a plea of guilty to an information which has been filed in your

23  case, an information which alleges a violation of Title 18 of

24  the United States Code, Section 241, that is, conspiracy to

25  violate the constitutional rights or rights secured by statute

1  of an individual.  Is that what you wish to do in this case,

2  sir?

3            **THE DEFENDANT:**  Yes, sir, it is.

4            **THE COURT:**  Mr. Thompson, before I can accept your

5  plea of guilty to this criminal charge, I will need to ask you

6  a series of questions, and these are questions which are

7  calculated to ensure that your plea of guilty is knowing and

8  that it is voluntary, and that it is supported by an

9  independent basis in fact containing all of the essential

10  elements of this particular offense.  I will also need to ask

11  you some questions relative to your desire to give up or to

12  waive your right to Grand Jury indictment and presentment.  The

13  questions I ask you must be answered under oath.  Will you

14  please raise your right hand and permit the Clerk of Court to

15  administer that oath?

16            (DEFENDANT SWORN.)

17            **THE COURT:**  It is also my understanding,

18  Mr. Thompson, that your willingness to plead guilty here today

19  comes as a result of a negotiated plea or a plea agreement that

20  you have entered into with the government.  Is that correct?

21            **THE DEFENDANT:**  Yes, sir.

22            **THE COURT:**  Mr. Thompson, can I get you and

23  Mr. Farrior to change places?  It would be easier to hear that

24  microphone.  Is this the original document, Mr. Farrior, the

25  original plea agreement?

1    **MR. FARRIOR:** Yes, Your Honor.

2    **THE COURT:** The plea agreement has been executed by

3    all of the parties and has been revealed in open court. I will

4    ask that the Clerk of Court file it and it be made part of the

5    record pursuant to Rule 11(c)(2) of the Federal Rules of

6    Criminal Procedure. Mr. Thompson, I am going to be asking you

7    questions, and you will be answering under oath. Please bear

8    in mind when I ask you these questions that if you answer any

9    of them falsely, you could be exposing yourself to a new or

10   different prosecution for making a false statement or perhaps

11   even perjury. Do you understand that?

12   **THE DEFENDANT:** Yes, sir.

13   **THE COURT:** Before we get too very much further, I

14   want to ask you about your willingness to waive your

15   constitutional right to Grand Jury presentment and indictment.

16   This case has been brought against you, or this criminal charge

17   has been brought against you by way of an information. An

18   information is a written criminal charge that is brought by the

19   U.S. Attorney.

20   Now, no person can be charged with a felony such as this

21   offense unless first a Grand Jury meets and hears evidence and,

22   based upon that evidence, determines there is probable cause to

23   believe that a crime has been committed and that you committed

24   that crime. You can, of course, if you wish, waive your right

25   to Grand Jury indictment and presentment and permit the United

1   States Attorney to bring a charge against you.  Of course, if

2   you do not waive the right to a Grand Jury, there is nothing

3   that would prevent the United States Attorney's Office from

4   presenting evidence to this Grand Jury and to seek an

5   indictment.  This Grand Jury that I am referring to is a group

6   of people, not less than 16 and not more than 23, and at least

7   12 of those people would have to agree, based upon the evidence

8   that they hear, that there is probable cause to believe that a

9   crime has been committed with which you could be charged before

10  an indictment could be returned.

11      Now, Grand Jury proceedings are secret, their deliberative

12  process is secret, and no one can presume to predict what a

13  Grand Jury will do in one particular case or another.  In your

14  case you might be indicted, but, on the other hand, you might

15  not.  What you need to understand is, if you waive your right

16  to the Grand Jury, then this case will proceed just as though

17  the Grand Jury had actually met and had actually returned an

18  indictment.

19      Now, have you discussed with your attorney your decision

20  to waive your right to Grand Jury presentment and indictment?

21          **THE DEFENDANT:**  Yes, sir, I have.

22          **THE COURT:**  Has anyone forced you or threatened you

23  in any manner in order to cause you to waive that important

24  right?

25          **THE DEFENDANT:**  No, sir.

1        **THE COURT:**  Has anyone made you any types of promises

2  or assurances of any type in order to cause you to waive your

3  right to a Grand Jury?

4        **THE DEFENDANT:**  No, sir.

5        **THE COURT:**  Mr. Farrior, have you discussed this

6  aspect of your client's case with him, and are you satisfied

7  that his waiver of the right to Grand Jury is knowing and

8  voluntary?

9        **MR. FARRIOR:**  Yes, Your Honor.

10       **THE COURT:**  Did Mr. Thompson undergo a similar

11  questioning before Judge Roper?

12       **MR. FARRIOR:**  Yes, sir.

13       **THE COURT:**  It is an important part of any criminal

14  process, Mr. Thompson, and the fact that two judges go over it

15  with you seems to underscore the fact that it is important.

16  Has Mr. Thompson executed a waiver of Grand Jury form?

17       **MR. FARRIOR:**  I believe so, Your Honor.

18       **THE COURT:**  Was that filed with Judge Roper?

19       **MR. RICHMOND:**  It is on file with Judge Roper.

20       **THE COURT:**  Well, I am sure that Judge Roper must

21  have concluded that his waiver of the Grand Jury is knowing and

22  voluntary.  I also so conclude, and this case will proceed on

23  the government's information.

24     Now, Mr. Thompson, again, I am going to be asking you

25  questions that you will answer under oath upon this charge that

1  has been brought by way of a criminal information.  Please

2  state your full name for the record.

3           **THE DEFENDANT:**  It is Morgan Lee Thompson.

4           **THE COURT:**  Mr. Thompson, how old are you, sir?

5           **THE DEFENDANT:**  Twenty-nine years old, sir.

6           **THE COURT:**  Tell me, how far did you get in school?

7           **THE DEFENDANT:**  Eleventh grade, got a GED.

8           **THE COURT:**  Eleventh grade, and you got a GED?

9           **THE DEFENDANT:**  Yes, sir.

10          **THE COURT:**  Where did you obtain the GED?

11          **THE DEFENDANT:**  In Denver, Colorado.

12          **THE COURT:**  Were you in the military at the time, or

13 did you go to a school?

14          **THE DEFENDANT:**  I went to a school.

15          **THE COURT:**  When did you obtain your GED?

16          **THE DEFENDANT:**  The year 2000.

17          **THE COURT:**  Since the year 2000, did you get any

18 college training anywhere?

19          **THE DEFENDANT:**  I had a police academy training

20 course.

21          **THE COURT:**  Let's back up first, before I get into

22 your academy training.  Have you held any jobs since you

23 received your GED?

24          **THE DEFENDANT:**  Yes, sir.

25          **THE COURT:**  Tell me about the types of jobs you have

1    held and where you have held them.

2         **THE DEFENDANT:**  A lot of different security jobs,

3    just security companies, community patrols, things of that

4    matter.

5         **THE COURT:**  Did you receive any specialized training

6    to become a security officer or a security guard?

7         **THE DEFENDANT:**  No, sir.

8         **THE COURT:**  What have you been doing in the last six

9    months?

10        **THE DEFENDANT:**  Working at a security company.

11        **THE COURT:**  Any one in particular?

12        **THE DEFENDANT:**  Drexel Caldwell Investigations, and

13   also Executive Protection Services.

14        **THE COURT:**  Describe to me what your function was or

15   what your job has been with the security company.

16        **THE DEFENDANT:**  Just to monitor buildings.  With

17   Drexel Caldwell Investigations, we do nightclub security.

18        **THE COURT:**  Did you receive any specialized training

19   for that?

20        **THE DEFENDANT:**  No, sir, I did not.

21        **THE COURT:**  Other than your work as a security

22   officer or a security guard, have you ever held any other types

23   of jobs?

24        **THE DEFENDANT:**  Yes, sir, labor jobs, restaurants,

25   when I was younger, things like that.

1          **THE COURT:**  Pull that microphone a little closer.  I

2     am having a little difficulty hearing you.  Have you been

3     treated, Mr. Thompson, recently for mental illness or addiction

4     to narcotic drugs?

5          **THE DEFENDANT:**  No, sir, I have not.

6          **THE COURT:**  Are you currently under the influence of

7     any drug or any medication or alcohol beverage of any kind?

8          **THE DEFENDANT:**  No, sir.

9          **THE COURT:**  Mr. Thompson, have you received a copy of

10    the information, that is, the written charge that is pending in

11    this case, and have you had an opportunity to go over the

12    charge contained in that information with your lawyer,

13    Mr. Farrior?

14         **THE DEFENDANT:**  Yes, sir, I have.

15         **THE COURT:**  Has Mr. Farrior discussed your case in

16    general with you?

17         **THE DEFENDANT:**  Yes, sir, he has.

18         **THE COURT:**  Has he discussed the possible defenses

19    you might have to this charge?

20         **THE DEFENDANT:**  Yes.

21         **THE COURT:**  Has he discussed with you witnesses you

22    might be able to call in defense of this charge?

23         **THE DEFENDANT:**  Yes, he has.

24         **THE COURT:**  Has he shared with you and gone over with

25    you the evidence that the government has amassed and intends to

1   use at trial, in the event that this case were to go to trial?

2           **THE DEFENDANT:**  Yes, sir.

3           **THE COURT:**  Are you fully satisfied with the counsel,

4   the representation, and the advice that Mr. Farrior has given

5   you in this case?

6           **THE DEFENDANT:**  I am, sir.

7           **THE COURT:**  Now, it is apparent that you have entered

8   into a plea bargain or a plea agreement with the government,

9   and that plea bargain or plea agreement has been reduced to

10  writing and has now been filed with the Clerk of the Court.  I

11  also notice that the plea agreement was signed by both you and

12  your attorney, but before you signed that plea agreement, did

13  you have an opportunity to read it and to go over it with your

14  lawyer?

15          **THE DEFENDANT:**  Numerous times, sir.

16          **THE COURT:**  Did you go over it with him?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:**  Did you understand all of the terms and

19  all of the conditions of your plea agreement with the

20  government?

21          **THE DEFENDANT:**  Yes, sir, I did.

22          **THE COURT:**  Other than this written plea agreement

23  that I have before me, has anyone made you any other types of

24  promises or assurances of any kind in order to cause you to

25  plead guilty?

1          **THE DEFENDANT:**  No, sir, they have not.

2          **THE COURT:**  Has anyone forced you or threatened you

3     or in any way coerced you in order to enter a plea of guilty in

4     this case?

5          **THE DEFENDANT:**  No, sir.

6          **THE COURT:**  Now, I am going to go over some of the

7     terms and some of the conditions in the plea agreement with

8     you, Mr. Thompson, to satisfy myself that you are aware of what

9     is in it and aware of the consequences of entering a plea of

10    guilty to this particular charge.  In your plea agreement with

11    the government, you are agreeing that you will enter a plea of

12    guilty to this one count information which charges a conspiracy

13    to deprive another person of certain civil rights under color

14    of law, under Title 18 of United States Code, Section 241.  Is

15    that correct?

16         **THE DEFENDANT:**  Yes, sir.

17         **THE COURT:**  In exchange for your plea of guilty, the

18    government will, first of all, recommend that the Court accept

19    your plea of guilty; secondly, that the United States Probation

20    Office -- that they will inform the United States Probation

21    Office and the Court of this agreement and the nature and

22    extent of your activities with respect to this case.  Is that

23    your understanding as well?

24         **THE DEFENDANT:**  Yes, sir, it is.

25         **THE COURT:**  As a result of your early decision to

1   timely notify the government of your intention to enter a plea

2   of guilty to this information, and if you qualify for an

3   additional one-level downward adjustment under the Federal

4   Sentencing Guidelines for acceptance of responsibility, they

5   will make a recommendation that you get an additional level, or

6   a total of three levels for acceptance of responsibility.  Is

7   that your understanding?

8           **THE DEFENDANT:**  Yes, sir.

9           **THE COURT:**  I want to direct your attention to page

10  six of your plea agreement with the government under paragraph

11  16.  It is a paragraph which is entitled "Waivers."  Now,

12  waivers means that you are going to give something up.  You are

13  going to give something away.  In this case you are giving up,

14  under paragraph 16A, the right to appeal the conviction or the

15  right to appeal the sentence which is imposed in this case on

16  any ground whatsoever.  Is that your understanding?

17          **THE DEFENDANT:**  Yes, sir.

18          **THE COURT:**  Under paragraph 16B you are also agreeing

19  that you will waive or give up the right to contest the

20  conviction or to contest the sentence in this case in any

21  post-conviction proceeding.  Is that your understanding as

22  well?

23          **THE DEFENDANT:**  Yes, sir, it is.

24          **THE COURT:**  Now, Mr. Thompson, I need to advise you

25  that the right to appeal a conviction or the right to appeal a

1    sentence and the right to contest it in a post-conviction

2    proceeding, these are important and valuable rights.  Have you

3    fully discussed with your lawyer this particular aspect of your

4    plea agreement with the government?

5              **THE DEFENDANT:**  Yes, sir.

6              **THE COURT:**  Has anyone forced you or threatened you

7    in any way in order to cause you to waive these rights?

8              **THE DEFENDANT:**  No, sir.

9              **THE COURT:**  Has anyone made you any types of side

10   offers or promises of any type in order to get you to waive

11   these rights?

12             **THE DEFENDANT:**  No, sir.

13             **THE COURT:**  Mr. Farrior, in view of the fact that

14   these are such important and valuable rights, have you fully

15   counseled with your client on this aspect of his plea

16   agreement, and are you satisfied as his attorney that his

17   waiver of the right to appeal the sentence or to contest it in

18   a post-conviction proceeding is knowing and voluntary?

19             **MR. FARRIOR:**  Yes, Your Honor.

20             **THE COURT:**  Mr. Thompson, do you understand that the

21   government's obligation under this plea agreement is to make

22   certain recommendations, but these are recommendations only,

23   and they are not binding upon the Court?  In other words, I

24   could reject their recommendations, and I could sentence you up

25   to the maximum provided by law, and you would not be permitted

1    to withdraw your guilty plea.  Do you understand that?

2              **THE DEFENDANT:**  Yes, sir.

3              **THE COURT:**  Now, I haven't gone over every term or

4    every condition of your plea agreement with you, but do you

5    understand that whether I go over them with you orally in court

6    or not, it is the written document that controls and binds both

7    you and the government?

8              **THE DEFENDANT:**  I understand that, sir.

9              **THE COURT:**  Do you understand, Mr. Thompson, that in

10   your plea agreement, beginning on page two, there are certain

11   stipulations that are made, certain stipulations of fact, but

12   if the government has entered into any stipulations of fact,

13   those also are not binding upon the Court.  In other words, I

14   could make my own determinations about the facts of this case,

15   and I am not bound by these stipulations.  Do you understand

16   that?

17             **THE DEFENDANT:**  Yes, sir.

18             **THE COURT:**  Do you understand, Mr. Thompson, that the

19   offense to which you are pleading guilty is a felony offense,

20   and if you are adjudged guilty of a felony, that could very

21   well have the effect of depriving you of other valuable

22   constitutional rights, such as the right to vote, the right to

23   hold public office, the right to serve on a jury, and the right

24   to possess a firearm?

25             **THE DEFENDANT:**  Yes, sir.

1      **THE COURT:**  Do you understand, Mr. Thompson, that the

2   maximum penalty provided by law, that is, the maximum penalty

3   provided by statute to which you are exposed for a violation of

4   Title 18 of the United States Code, Section 241, as is alleged

5   in this information, is a term of imprisonment not to exceed

6   ten years, a term of supervised release of not less than three

7   years, a fine of up to $250,000, and a mandatory special

8   assessment in the amount of $100.  That is the maximum penalty

9   which is provided by statute.  Do you understand the maximum

10   penalty in this case?

11      **THE DEFENDANT:**  Yes, sir, I do.

12      **THE COURT:**  Do you also understand that under some

13   circumstances the Court would have the authority to impose an

14   order of restitution, and you would have to make restitution to

15   any victims in this case?

16      **THE DEFENDANT:**  Yes, sir.

17      **THE COURT:**  Have you discussed with your attorney,

18   and do you understand, Mr. Thompson, what it means to be placed

19   on supervised release?

20      **THE DEFENDANT:**  Yes, sir.

21      **THE COURT:**  I am going to go over that with you

22   because it is an important aspect of a criminal sentence.  If

23   you are sentenced to a term of imprisonment, and if you are

24   also sentenced to a term of supervised release, then once you

25   are released from custody, you would be required to live under

1    the supervision of the probation office, and you would be

2    required to live under certain conditions.  We call those the

3    conditions of supervised release.  Now, while on supervised

4    release, if you were to violate any of those conditions, that

5    could result in a revocation of your supervised release, and if

6    your supervised release is revoked, you could be sentenced to

7    an additional term of imprisonment.  Now, do you understand

8    what is meant by supervised release?

9              **THE DEFENDANT:**  Yes, sir, I do.

10             **THE COURT:**  I think it important, under paragraph 11

11   of the plea agreement, that we point out, and Mr. Thompson, I

12   want to be sure that you understand that as part of this plea

13   agreement, the District Attorney in this particular district

14   will seek no further criminal prosecution against you as of the

15   date of this agreement.  Is that your understanding?

16             **THE DEFENDANT:**  Yes, sir, it is.

17             **THE COURT:**  I notice also that the District Attorney

18   is a signatory to the plea agreement, and Mr. Caranna, I notice

19   you are in the courtroom.  Is that your understanding of the

20   obligations under this plea agreement as well?

21             **MR. CARANNA:**  Yes, sir, it is.

22             **THE COURT:**  Thank you, sir.

23        Mr. Thompson, have you discussed with your lawyer and do

24   you think you understand all of the consequences, all of the

25   possible consequences of entering a plea of guilty to this

1    charge?

2             **THE DEFENDANT:**  Yes, sir.

3             **THE COURT:**  Mr. Thompson, under the provisions of the

4    Sentencing Reform Act of 1984, the United States Sentencing

5    Commission has issued certain rules and regulations that Courts

6    should consider in determining a sentence in a criminal case.

7    We call those rules and those regulations the Federal

8    Sentencing Guidelines.  Have you discussed with Mr. Farrior how

9    the Federal Sentencing Guidelines might apply to your case?

10            **THE DEFENDANT:**  Yes, sir.

11            **THE COURT:**  Do you understand that this Court will

12   not be able to determine your guideline calculations until

13   after a presentence investigation report has been completed,

14   and both you and the prosecution have had an opportunity to

15   make any objections to either the findings of fact or the

16   application of the guidelines?

17            **THE DEFENDANT:**  Now I do, sir.

18            **THE COURT:**  Mr. Thompson, it is very likely that in

19   your discussions with Mr. Farrior about the Sentencing

20   Guidelines, he may have made some predictions or may have made

21   some calculations, but do you understand that your sentence,

22   that is, the sentence that you ultimately receive in this case,

23   may be different from any prediction or calculation that

24   Mr. Farrior may have made on your behalf?

25            **THE DEFENDANT:**  Yes, sir, I do.

1      **THE COURT:** Do you also understand that under some

2   circumstances this Court has the authority to depart from the

3   guidelines; that means to impose a sentence that is more severe

4   or is less severe than that which is called for by the

5   guidelines?

6      **THE DEFENDANT:** Yes, sir.

7      **THE COURT:** Do you also understand, Mr. Thompson,

8   that parole in the federal system has been abolished, and if

9   you are sentenced to a term of imprisonment, you will not be

10  released on parole?

11     **THE DEFENDANT:** Yes, sir.

12     **THE COURT:** Do you also understand, and this is very

13  important that you be sure that you do understand, that the

14  Federal Sentencing Guidelines have been determined by the

15  Supreme Court not to be binding upon the Court, but instead

16  they are advisory? In other words, this Court has the

17  discretion to sentence you up to the maximum penalty provided

18  by law. Do you understand that?

19     **THE DEFENDANT:** Yes, sir.

20     **THE COURT:** Do you also understand that under some

21  circumstances either you or the government would have the right

22  to appeal the sentence in this case, but you have voluntarily

23  elected to give up the right to appeal the sentence or to

24  contest the sentence in a post-conviction proceeding? Is that

25  correct?

1       **THE DEFENDANT:**  Yes, sir.

2       **THE COURT:**  Mr. Thompson, do you understand, sir,

3    that you have a right to plead not guilty, and were you to

4    plead not guilty in this case, you would be entitled to a

5    trial.  At that trial you would be presumed to be innocent, and

6    it would be the burden of the prosecution, that is, the

7    government, to prove your guilt to the unanimous satisfaction

8    of a jury beyond a reasonable doubt.

9       **THE DEFENDANT:**  Yes, sir.

10      **THE COURT:**  Do you understand that at that trial you

11   would have the right to the assistance of counsel?  You would

12   have the right to see and to hear and to cross-examine.  That

13   means ask questions under oath of all of the government's

14   witnesses.  You yourself would have the right to call your own

15   witnesses, and if necessary, you would have the right to compel

16   their attendance by subpoena.  You would have the right to

17   testify, and if you chose not to testify or to present any

18   evidence at all, that fact could not be used against you in

19   determining guilt and innocence.

20      Now, what I have just described is your right to trial and

21   rights that are associated with trial.  Do you understand that

22   you have the right to a trial in this case?

23      **THE DEFENDANT:**  Yes, I do.

24      **THE COURT:**  Do you understand that by pleading guilty

25   to this information, you are giving up your right to trial and

1    all of the rights associated with trial as I have just

2    described them?

       **THE DEFENDANT:**  Yes, sir.

3

4           **THE COURT:**  Very well.  Mr. Thompson, you are charged

5    in this information with a violation that can be found under

6    Title 18 of the United States Code, Section 241.  This

7    information specifically charges that from a date which is

8    uncertain, but at least May 17th of 2004, through at least

9    August 28th of 2006, and within this judicial district, that

10   yourself and others, both known and unknown to the government,

11   while employed by the Harrison County Sheriff's Department, and

12   acting under color of law, that you did knowingly and willfully

13   combine, conspire, and agree together with others to injure,

14   threaten, oppress, and intimidate inmates at the Harrison

15   County Adult Detention Center in the free exercise and

16   enjoyment of rights and privileges secured to them by the

17   Constitution and the laws of the United States.  Specifically,

18   the right not to be deprived of liberty without due process of

19   law, which includes the right to be free from the use of

20   unreasonable and excessive force amounting to punishment by one

21   acting under color of law, wherein those acts committed in

22   furtherance of the conspiracy resulted in bodily injury to said

23   inmates.  Is this the offense to which you wish to plead

24   guilty?

25          **THE DEFENDANT:**  Yes, sir.

1    **THE COURT:** Do you understand, Mr. Thompson, if you

2    were to plead not guilty, the government would be required to

3    prove all of those elements to the unanimous satisfaction of a

4    jury before you could be convicted?

5    **THE DEFENDANT:** Yes, sir.

6    **THE COURT:** I would invite the prosecutor to take the

7    lectern, please, and proffer into the record the facts that the

8    government would be able to establish in the event that this

9    case were to go to trial.

10    **MR. RICHMOND:** Your Honor, the facts are included in

11    the plea agreement under paragraph five.  The government would

12    be able to prove that Morgan Lee Thompson, former Harrison

13    County Sheriff's Department correction officer worked at

14    Harrison County Adult Detention Center.  Thompson worked the

15    jail from on or about May 17, 2004 through on or about

16    September 25, 2006.  For most of that time Thompson was

17    assigned to the jail's booking area.  While employed at the

18    jail, acting under color of law, Thompson conspired with other

19    employees at the jail also acting under color of law to injure,

20    threaten, and intimidate inmates at the jail by willfully using

21    excessive and unnecessary physical force against those inmates.

22    The conspiracy began on a dated uncertain, before

23    May 17th, 2004, and continued at least through August 28, 2006.

24    Thompson and his co-conspirators engaged in a pattern of

25    conduct that included but was not limited to Thompson and other

1   officers striking, punching, kicking, choking, and otherwise

2   assaulting inmates, knowing that the physical force was

3   unnecessary, unreasonable, and unjustified.  During the

4   conspiracy Thompson participated in over 100 assaults against

5   inmates.  Thompson observed co-conspirators participate in over

6   100 additional assaults against inmates.  Thompson also heard

7   co-conspirators boasting about their participation in willful

8   and intentional uses of excessive force.  The physical abuse of

9   inmates usually occurred in the booking area, the holding

10  cells, the booking shower, the B hallway, the exercise yard, or

11  in the housing blocks.  In addition, Thompson conspired with

12  other officers to conceal these instances of physical abuse of

13  inmates.  Thompson and his co-conspirators attempted to, and in

14  fact did, conceal their abusive conduct by failing to document

15  their excessive uses of force, and by giving false statements

16  and writing false, vague, and misleading reports.

17      The conspiracy included the February 4th, 2006 assault

18  committed by officers against Jessie Lee Williams, Jr., an

19  inmate who died after his interaction with the officers.

20  During the Williams assault correctional officer Ryan Michael

21  Teel and Regina Lynn Rhodes committed numerous physical acts

22  which were not justified uses of force.  Those acts included

23  but were not limited to Teel striking, punching, choking, and

24  otherwise assaulting Williams in the head, neck, and other

25  areas of Williams' body.  The assault by Teel and Rhodes

1     occurred while Williams was restrained, and the circumstances

2     did not justify uses of force.  Thompson assisted Teel by

3     helping to restrain Williams during part of the unjustified

4     assault.  Williams lapsed into unconsciousness shortly after

5     those acts.

6         In furtherance of the conspiracy, Thompson wrote and

7     submitted false, misleading, and intentionally vague reports

8     about Williams' incident.  On February 8, 2006, the Mississippi

9     Highway Patrol agents interviewed Thompson, and during that

10    interview and in furtherance of the conspiracy, Thompson

11    provided false, misleading, and intentionally vague information

12    concerning the Williams incident.  On or about June 14, 2006,

13    Federal Bureau of Investigation agents interviewed Thompson.

14    During that interview and in furtherance of the conspiracy,

15    Thompson provided false, misleading, and intentionally vague

16    information concerning the Williams incident, as well as other

17    acts that took place at the jail.

18         **THE COURT:**  Thank you.  Mr. Thompson, you had an

19    opportunity to hear what the government has told the Court that

20    they could prove in the case in the event that it were to go to

21    trial.  Are those facts correct?

22         **THE DEFENDANT:**  Yes, sir.

23         **THE COURT:**  Are the facts which are contained under

24    paragraph five of the plea agreement, that begins on page two

25    and ends on page three of the plea agreement, are those facts

1  contained within that stipulation, are they correct as well?

2         **THE DEFENDANT:**  Yes, sir.

3         **THE COURT:**  Very well.  Then to the charge which is

4  pending by way of information, that is, a violation of Title 18

5  of the United States Code, Section 241, conspiracy to violate

6  an individual's constitutional rights or civil rights, how do

7  you plead; guilty or not guilty?

8         **THE DEFENDANT:**  Guilty, Your Honor.

9         **THE COURT:**  It is the finding of the Court that this

10  defendant is fully competent and capable of entering an

11  informed plea, that the defendant is aware of the nature of the

12  charge and the consequences of that plea.  It is also the

13  finding of the Court that the defendant's plea of guilty is a

14  knowing and voluntary plea which is supported by an independent

15  basis in fact containing each of the essential elements of the

16  offense charged.  His plea of guilty is therefore accepted, and

17  he is now adjudged guilty of that offense.

18    Mr. Thompson, as you may recall, I told you that the Court

19  will not be able to determine your sentencing guideline

20  calculations until after a presentence investigation report is

21  completed and both you and the prosecution have had an

22  opportunity to challenge either the facts reported in that

23  presentence investigation report or the application of the

24  guidelines as recommended by the probation officer.  Let me

25  underscore that this is only one aspect of sentencing, that is,

1    the calculation of the sentencing guideline range, and those

2    calculations and guidelines are not binding upon the Court but

3    are merely advisory.  Prior to sentencing you will also have

4    the right to speak on your own behalf or to have your attorney

5    speak on your behalf as well.  Sentencing in this case is

6    scheduled for January 30th of 2007 at 9:00 a.m. here in

7    Gulfport.  That will be your next scheduled court appearance.

8    Again, that is January 30, 2007 at 9:00 a.m.

9         Did Judge Roper set conditions of release?

10             **MR. FARRIOR:**  Yes, Your Honor.

11             **MS. SANDRA DOLL:**  Yes, sir, Your Honor.

12             **THE COURT:**  What do those include?  Hit the high

13    points.

14             **MS. SANDRA DOLL:**  Your standard conditions of

15    pretrial release, urine surveillance, travel restrictions, no

16    contact with any potential witnesses, surrender passport,

17    things of that nature.

18             **THE COURT:**  Then the government made no request for

19    detention; is that correct?

20             **MR. RICHMOND:**  Correct, Your Honor.

21             **THE COURT:**  Are you convinced that this is not a

22    detention case?

23             **MR. RICHMOND:**  Yes, Your Honor.

24             **THE COURT:**  Very well.  Then you may remain on the

25    same conditions of release previously set by the Magistrate

1    Judge in your case.  I will remind you that your next scheduled

2    court appearance is January 30th at 9:00 a.m. for purposes of

3    sentencing.  Anything else on behalf of the government?

4              **MR. RICHMOND:**  No, Your Honor.

5              **THE COURT:**  Anything else, Mr. Farrior, on behalf of

6    your client?

7              **MR. FARRIOR:**  No, Your Honor.

8              **THE COURT:**  Thank you, Gentlemen.  You are excused.

9    Let's take a very short recess, and then we will take up the

10   next case.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    CERTIFICATE OF COURT REPORTER

3

4          I, Teri B. Norton, RMR, FCRR, Official Court

5   Reporter for the United States District Court for the Southern

6   District of Mississippi, appointed pursuant to the provisions

7   of Title 28, United States Code, Section 753, do hereby certify

8   that the foregoing is a correct transcript of the proceedings

9   reported by me using the stenotype reporting method in

10  conjunction with computer-aided transcription, and that same is

11  a true and correct transcript to the best of my ability and

12  understanding.

13          I further certify that the transcript fees and format

14  comply with those prescribed by the Court and the Judicial

15  Conference of the United States.

16

17

18

19                   s/ *TERI B. NORTON*

20                   TERI B. NORTON, RMR, FCRR
                     OFFICIAL COURT REPORTER

21

22

23

24

25