UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ONLY AL-KHIDHR** § | | **PLAINTIFF** |
| § | | |
| V. § | | **CAUSE NO. 1:07cv1223-LG-RHW** |
| § | | |
| **HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; HARRISON COUNTY SHERIFF GEORGE PAYNE, IN HIS OFFICIAL CAPACITY; BOOKING SUPERVISOR RICK GASTON, ACTING UNDER COLOR OF STATE LAW; CORRECTIONS OFFICER MORGAN THOMPSON, ACTING UNDER COLOR OF STATE LAW; and CORRECTIONS OFFICER THOMAS MOORE, ACTING UNDER COLOR OF STATE LAW** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
DISMISSING PAYNE WITHOUT PREJUDICE**

BEFORE THE COURT is Defendant George Payne, Jr.'s Motion for Summary Judgment [241]. Plaintiff Only Al-Khidhr initiated this action under federal law for the alleged abuse he received while in the custody of the Harrison County Adult Detention Center (HCADC). Payne argues (1) the Section 1983 claims against him are redundant to those against Defendant Harrison County, (2) the Section 1983 conspiracy to cover up claim fails because Al-Khidhr has filed his excessive force claim, (3) there is no basis for municipal liability on the excessive force claim, and (4) the Second Amended Complaint fails to state claims under Sections 1985 and 1986. The Court has considered the parties' submissions and the relevant legal authority. Payne

is dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

On October 4, 2005, Al-Khidhr was arrested and taken to the HCADC. While being booked, he alleges he was unjustifiably beaten by former Deputies Defendants Morgan Thompson, Thomas Moore, and former Defendant Ryan Teel. Al-Khidhr subsequently filed this lawsuit. He brings claims against Payne, in his official capacity, under Sections 1983, 1985, and 1986 for excessive force, delay of medical care, covering up the alleged abuse, and conspiracies to use excessive force and to cover up the alleged abuse.

## DISCUSSION

### SECTION 1983

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof

at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Payne first argues that he should be dismissed with prejudice from the Section 1983 claims because they are merely redundant to those brought against the County. Al-Khidhr responds that there is a genuine issue of material fact as to whether the Section 1983 claims have merit.

Where a plaintiff sues a government official in his official capacity and brings the same claims against that government entity, the former claims are merely a duplication of the latter. *Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). This is because a claim brought against a government employee in his official capacity is actually a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). In such a case, it is appropriate to dismiss the claims against the government employee in his official capacity. *Romero*, 256 F.3d at 355.

In this case, Al-Khidhr brings identical Section 1983 claims against the County

and Payne, in his official capacity as Harrison County Sheriff. Therefore, the Court finds that Payne is entitled to be dismissed without prejudice. The Section 1983 claims will proceed against the County.

Because the Court has dismissed the Section 1983 claims against Payne, the Court need not examine Payne's alternative arguments under Section 1983.

S<small>ECTION</small> 1985

Al-Khidhr also purports to bring a Section 1985 claim against Payne. He argues that the Second Amended Complaint fails to state a claim under Section 1985 because the Second Amended Complaint does not describe any conspiracy proscribed by that statute. Al-Khidhr does not address this argument other than to assert that there is evidence of a conspiracy to cover up the excessive force used upon him.

To survive a Rule 12(b)(6) motion to dismiss, Al-Khidhr must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94

4

(2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Section 1985 provides a cause of action for several types of conspiracies, under subsections one through three. 42 U.S.C. § 1985. Al-Khidhr does not expressly cite to the portion or portions of Section 1985 on which he relies. Payne first argues that the Second Amended Complaint fails to state a Section 1985(1) claim, because it does not allege a conspiracy to interfere with a federal official's performance of his duties. Subsection one provides:

> If two or more persons in any State . . . conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties
> . . .
> the party so injured . . . may have an action for the recovery of damages, occasioned by such injury . . . against any one or more of the conspirators.

42 U.S.C. § 1985(1), (3).

The Second Amended Complaint alleges that Payne conspired to use excessive force and to conceal the abuse of Al-Khidhr. Specifically, he alleges:

> 31. After Al-Khidhr's beating, Defendants participated in a conspiratorial scheme to camouflage, cover-up, falsely explain and/or deny what in truth and in fact happened to Al-Khidhr.
>
> 32. In aid of their conspiracy, Defendant Gaston directly, intentionally and falsely accused Al-Khidhr of having illegal narcotics in his system, accused him of assaulting Correctional Officers and

5

> accused him of committing further criminal acts for which Al-Khidhr could be charged, prosecuted and punished.
>
> 33. Defendants Teel, Thompson and Moore further made false statements that Al-Khidhr had been injured prior to arriving at the HCADC.
>
> 34. Defendant Gaston also threatened Al-Khidhr with criminal prosecution 'for making knowingly false accusations against law enforcement officers' if Al-Khidhr persisted in his complaints of abuse by the HCADC Corrections Officers.
>
> . . .
>
> 36. The false statements and threats were made in furtherance of a conspiracy to deprive Plaintiff Al-Khidhr of his due process and related civil rights.
>
> 37. In furtherance of this conspiracy, Defendant Moore prepared a false report of the incident and circumstances surrounding the beating of Plaintiff Al-Khidhr. After filing his 'false report,' Defendant Moore was contacted at home by Defendant Gaston (his supervisor), who instructed him to return to the HCADC to make changes to the report, resulting in a 'more false report' being filed.
>
> 38. Furthermore, the concealment was part of the pattern of abuse and misuse of force within Booking on pre-trial detainees such as Al-Khidhr, and officials (including . . . Sheriff George Payne), all as the ranking officers with final decision making authority for the Harrison County Sheriff's Department aided and abetted the misuse of force within Booking, and the conspiracy related thereto, by either condoning such acts and/or by failing to take appropriate actions and measures in order to prevent the abusive and injurious actions of the Corrections Officers in Booking; thus, subjecting the Plaintiff to abuse in violation and deprivation of rights afforded to him as set forth above.

(2d Am. Compl. at 13-14). There is no allegation, however, that this included a conspiracy to use force, intimidation, or threat of a federal official, or to injure a federal officer's person or property. Therefore, the Second Amended Complaint does not state a claim under subsection one.

Subsection two prohibits conspiracies to interfere with federal and state court proceedings. 42 U.S.C. § 1985(2). It specifically prohibits conspiracies between:

> two or more persons in any State . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). The Second Amended Complaint does not allege that Al-Khidhr was a party or witness in a federal court proceeding. There is no allegation that he was injured for having testified or attended a federal court proceeding. As for the state court proceeding portion of this statute, it requires a showing of racial or other class-based animus. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986). For the reasons discussed below, he does not allege any racial or class-based animus behind the conspiracy. Further, he does not allege that he was injured while trying to protect the equal rights of others. Therefore the Second Amended Complaint does not state a claim under subsection two.

Finally, subsection three prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. § 1985(3). Again, a conspiracy to deprive another of the equal protection of the laws, requires a showing that "some racial, or class-based discriminatory animus lay behind

7

the conspiracy." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). "It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993). Some Fifth Circuit cases only accept racial claims under this provision. *Horaist*, 255 F.3d at 271 n.12; *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998); *Deubert v. Gulf Fed. Savs. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). *Deubert* held, "*it is well-established* in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Id.* (emphasis added). However, *Deubert* did not address its contemporary cases which held otherwise. For example, one such case held, "*It is well-settled* law that discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based." *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987) (emphasis added). These other Fifth Circuit cases require a class that is based on an "inherited or immutable characteristic," political belief, or association. *Sullivan v. Cnty. of Hunt*, 106 Fed. Appx. 215, 220 (5th Cir. 2004); *Hamill v. Wright*, 870 F.2d 1032, 1037-38 (5th Cir. 1989); *McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987) (scapegoat employees not protected class, because it "does not possess discrete, insular and immutable characteristics similar to race, national origin or sex"); *Galloway*, 817 F.2d at 1159; *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1066 (5th Cir. 1980). Of course, none of these cases

found the allegations of non-racial animus at issue to be sufficient.

Under either view, the Second Amended Complaint here misses the mark. The only characteristic Al-Khidhr alleges he and the other alleged victims share is that they are "accused and arrested citizen[s] temporarily incarcerated as . . . 'pre-trial detainee[s],'" "other inmates," and "other detainees held in Booking." (2d Am. Compl. at 1, 3, 37 (¶¶1, 5)). His allegations, taken as true, do not state a conspiracy motivated by race, another inherited or immutable characteristic, political belief, or association. *Accord*, *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 822 (W.D. Tex. 2007) ("those arrested by the El Paso Police Department" not sufficient to allege racial or class-based animus under Section 1985(2)).

Further there is no allegation that the conspiracy was to prevent another from voting or advocating in a federal election. Therefore the Second Amended Complaint fails to state a claim under Section 1985(3). The Section 1985 claim against Payne is dismissed without prejudice.

SECTION 1986

Payne asks for dismissal of the Section 1986 claim. This statute provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. In other words, the existence of a Section 1985 conspiracy is an element of the Section 1986 claim. Because Al-Khidhr failed to plead this element, he has not stated a Section 1986 claim against Payne either.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Defendant George Payne, Jr.'s Motion for Summary Judgment [241] should be and is hereby **GRANTED.** Payne is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE