IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ONLY AL-KHIDHR**                                                                          **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 1:07CV01223LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL**                            **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* REGARDING DAMAGES**

COMES NOW, DEFENDANT, HARRISON COUNTY, MISSISSIPPI, by and through its attorneys of record, Tim C. Holleman, Boyce Holleman & Associates, and files this Memorandum in Support of Motion *in Limine* to exclude Plaintiff's evidence regarding damages previously undisclosed and/or stricken, and states as follows:

### *IN LIMINE* STANDARD

Motions *in limine* are a request for guidance by the Court regarding evidentiary questions. Further, such motions are utilized to prohibit potentially prejudicial evidence that does not conform with the Federal Rules of Evidence, from being presented to the jury. Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38 (1984); *White v. Gerardot*, 2008 U.S. Dist. LEXIS 87762 *1 (N.D. Ind. 2008). A trial court does not abuse its discretion in granting a motion *in limine* if the court determines that (1) the material or evidence in question will be inadmissible at trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. *Clark vs. Illinois Central Railroad*, 872 So. 2d 773 (Miss. 2004).

Any testimony, documents and/or evidentiary material related to damages previously undisclosed in discovery is clearly inadmissible and Defendant hereby moves this Honorable Court to prohibit the introduction of such testimony, documents, exhibits, and other evidence, and in support,

1

Defendant shows as follows:

**Evidence of damages not disclosed under Federal Rules of Civil Procedure, Rule 26(a) and through discovery is inadmissible.**

As the Court is aware, Rule 26(a)(1)(iii) of the Federal Rules of Civil Procedure requires the Plaintiff to disclose a "computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered." Plaintiff has failed to adhere to the provisions and requirements of Federal Rules of Civil Procedure, Rule 26(a), as to computation of damages.

Plaintiff has also failed and refused to provide this information pursuant to discovery requests propounded to him in this matter. Additionally, as the Court will note, Plaintiff failed and refused to submit to the IME ordered (Document 222) related to his claim for mental damages and the Court struck this claim for damages (Docket 238).

Since Plaintiff failed to provide any further meaningful computation of damages in the disclosures as required under Federal Rules of Civil Procedure, Rule 26, Plaintiff should not be permitted to present, as a surprise to Defendant, a computation of an amount of damages where Defendant has not had an opportunity to conduct discovery regarding the computation. Plaintiff should be prohibited from referencing or arguing special damages related to medical treatment, past, present or future, or damages related to any loss of wage claim and/or loss of wage earning capacity claim. Further, as to hedonic damages, the Court should order that Plaintiff may not argue to the jury that it is entitled to any specific dollar amount or range or that damages should be calculated using a certain formula or calculation. *See*, *EEOC v. General Motors Corp.,* 2009 WL 910812 (S.D. Miss. 2009); Federal Rules of Civil Procedure, Rule 16(f), Rule 26(a), (e) and Rule 37(c)(1). Last, Plaintiff should be prohibited from referencing or arguing mental damages, *in toto*, in accordance with the Court's previous ruling on this matter.

For the reasons set forth above, any references to damages previously undisclosed in discovery and/or previously stricken should be excluded from the trial of this matter regardless of whether such references are elicited through testimony, or set forth in documents, exhibits or other evidentiary material.

RESPECTFULLY SUBMITTED, this the 1st day of December, 2010.

HARRISON COUNTY, MISSISSIPPI, BY AND
THROUGH ITS BOARD OF SUPERVISORS,
Defendant

BY AND THROUGH ITS COUNSEL OF RECORD
BOYCE HOLLEMAN AND ASSOCIATES


_____s/\_\_Tim C. Holleman_____

## **CERTIFICATE**

I, Tim C. Holleman, do hereby certify that I have this date forwarded a copy of the foregoing *Motion in Limine, via* electronic filing and/or U. S. Mail, to all counsel of record.

This the 1st day of December, 2010.

                                              s/    Tim C. Holleman

Tim C. Holleman (Ms Bar #2526)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, Mississippi   39501
Telephone:  (228) 863-3142
Facsimile:  (228) 863-9829
Email:  tim@boyceholleman.com