**CHASE CHASE & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
NITA L. CHASE ALVIN CHASE

D-1

**VIA FACSIMILE AND/OR EMAIL**
**228-863-9829**
tim@boyceholleman.com

December 18, 2010

Tim C. Holleman, Esq.
Boyce Holleman & Associates
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS 39501

RE: *Only Al-Khidhr vs. Harrison County, Mississippi et al*
1:07cv01223-LG-RHW

Dear Mr. Holleman:

We have reviewed your counteroffer of $150,000.00 to settle this matter, but unfortunately, we can not accept the offer. However, my client is willing to settle this case for the sum of $200,000.00. This is the very bottom my client is willing to accept.

While you may believe no jury will award more than $75,000.00, my client is of the opinion that a reasonable jury may well award him more than that amount. As you are aware, not only was Mr. Al-Khidhr severely beaten in the face, but he endured considerable pain to other parts of his body as he was kicked, punched, and hit about his body while he lay helpless in the county jail as the correction officers beat him for no reason. He was then denied prompt and proper medical care and treatment for several hours. Deputies from the county merely dropped him off at the emergency room.

Certainly, you are aware that my client gets to make the final decision on settling this case. Again, he is absolutely ready to put this matter behind him so he can try to heal from the wrong he suffered at the jail in October 2005. Hopefully, neither party wishes to endure the risk of negative exposure that is likely to come with a public trial of this matter. Let's do the right thing and settle this now.

Please review this offer and advise as soon as possible whether your clients agree. Trusting we can resolve this matter soon, we await your response. With kind regards, we are

Sincerely,

Only Al-Khidhr
Plaintiff

Alvin Chase
Attorney for Plaintiff

P.O.BOX 7119, 10345 D'IBERVILLE BLVD, BILOXI, MS 39540
PHONE: (228) 396-3300 FAX: (228) 396-1494
email: chaselaw@bellsouth.net

D-1

D-2

**Gini**

**From:** Tim Holleman [tim@boyceholleman.com]
**Sent:** Monday, December 20, 2010 10:32 AM
**To:** gini@boyceholleman.com
**Subject:** FW: Al-Khidhr v. Thompson et al. 07cv1223

Draft settlement release like Miller

*Tim C. Holleman*
Boyce Holleman & Associates
1720 23rd Avenue/Boyce Holleman Blvd
Gulfport, Ms 39501
(228) 863-3142 office
(228) 863-9829 fax
(228) 297-3142 cell

**From:** Tim Holleman [mailto:tim@boyceholleman.com]
**Sent:** Monday, December 20, 2010 10:21 AM
**To:** 'Alvin Chase'; 'jamesldavisiii@aol.com'
**Cc:** 'Deborah McDonald'; 'Alvin Chase'; 'Patrick Guild'; 'Haley Broom'; 'Trish Misko'; 'Guirola_Chambers@mssd.uscourts.gov'; 'Reid, Chris'; 'Walt Warren'; 'gini@boyceholleman.com'
**Subject:** RE: Al-Khidhr v. Thompson et al. 07cv1223

Alvin,

I have received authority from the insurer to accept the offer of $200,000.00 as set forth in your letter dated December 18, 2010 in full compromise and settlement of this matter. I will prepare appropriate settlement documents in the near future, however as stated before this must be finally approved by the Board at the January 4 meeting. I see no problem with such.

By copy of this email I am advising Judge Guirola's office so we can be excused from the PreTrial Order etc.

You did an excellent job for your client under difficult circumstances and are to be commended.

*Tim C. Holleman*
Boyce Holleman & Associates
1720 23rd Avenue/Boyce Holleman Blvd
Gulfport, Ms 39501
(228) 863-3142 office
(228) 863-9829 fax
(228) 297-3142 cell

**From:** Alvin Chase [mailto:chaselaw@bellsouth.net]
**Sent:** Saturday, December 18, 2010 1:16 PM
**To:** tim@boyceholleman.com; jamesldavisiii@aol.com
**Cc:** Deborah McDonald; Alvin Chase
**Subject:** Re: Al-Khidhr

Tim,

Attached is my client's offer to settle for $200K. He advises this is absolutely the lowest he is going.

D-2

This is a fair settlement. It saves the county in further litigation cost and eliminates the potential for bad publicity. Let's do what's right. Let's settle now.

We await your response.

Sincerely

Alvin Chase
10345 D'Iberville Blvd. Suite D
P.O. Box 7119
D'Iberville, MS 39540
Phone: (228)-396-3300
Fax: (228)-396-1494

---

**From:** Tim Holleman <tim@boyceholleman.com>
**To:** Alvin Chase <chaselaw@bellsouth.net>
**Cc:** jamesldavisiii@aol.com; gini@boyceholleman.com; Patrick Guild <pguild142@gmail.com>
**Sent:** Sat, December 18, 2010 9:48:15 AM
**Subject:** Al-Khidhr

Alvin,

I just wanted let you know the jury rendered a verdict for the Sheriff Payne and his deputy in the shooting case in which the young lady was quadriplegic. This case carried a lot of sympathy but we still prevailed.

I don't what a Jury will think about Al-Khidhr but I do know that he will not be nearly as sympathetic as the young lady who was quadriplegic with 3 young kids. There is a real risk he could get nothing or at least less than the offer of judgment. Of course if he does we will be entitled to all cost since the offer of judgment was made as the time has expired to accept such.

We have a lot of work to do during the holidays, if you want to try to resolve this we need to talk now. If holidays are going to be fill with "work" rather than joy, I am not going to try to push towards as we might as well try the case. My cell phone number is below. I cannot get near $300,000.00 however there is room to move. Please advise.

***Tim C. Holleman***
Boyce Holleman & Associates
1720 23rd Avenue/Boyce Holleman Blvd
Gulfport, Ms 39501
(228) 863-3142 office
(228) 863-9829 fax
(228) 297-3142 cell

D-3

Supervisor **WILLIAM W. MARTIN** moved in executive session adoption of the following:

**AN ORDER OF THE HARRISON COUNTY BOARD OF SUPERVISORS AUTHORIZING SETTLEMENT UP TO THE AMOUNT OF $200,000.00 IN THE CASE STYLED ONLY AL-KHIDHR V. HARRISON COUNTY, MISSISSIPPI, ET AL., AND TO PAY SAME FROM THE "TORT ACCOUNT" AT HANCOCK BANK, AND DISBURSE SAME AS HEREIN PROVIDED, AND FOR RELATED PURPOSES.**

**WHEREAS**, the Board entered into executive session to discuss a matter involving pending litigation styled Only Al-Khidhr v. Harrison County, Mississippi, et al., Civil Action No. 1:07-cv-01223-LG-RHW, in the United States District Court for the Southern District of Mississippi, which has been compromised and settled; and

**WHEREAS**, the County's insurance carrier has elected to compromise and settle the above styled civil action and the Board having consented to the same; and

**WHEREAS**, a check up to the amount of $200,000.00 shall be issued from the Tort Account in full, final, and complete settlement of this claim, which check shall be issued to Only Al-Khidhr, and his attorney, Alvin Chase, in trust pending execution of necessary settlement documents; and

**WHEREAS**, the check from the Tort Account shall be delivered to Tim C. Holleman, attorney for the Board of Supervisors of Harrison County, who will deliver it to Alvin Chase, in exchange for the anticipated final executed Release from Only Al-Khidhr; and

**WHEREAS**, after the self insured retention is determined under the County's insurance policy, the insurer shall reimburse the County for the settlement and costs above the self insured retention limit.

**NOW THEREFORE, BE IT ORDERED BY THE BOARD OF SUPERVISORS OF HARRISON COUNTY, MISSISSIPPI, AS FOLLOWS:**

**SECTION I.** The findings, conclusions, and statements of fact contained in the foregoing preamble are hereby adopted, ratified, and incorporated herein.



**SECTION II.** Upon the adoption of this Order, the compromise and settlement of the disputed claim styled Only Al-Khidhr v. Harrison County, Mississippi, et al., Civil Action No. 1:07-cv-01223-LG-RHW, in the United States District Court for the Southern District of Mississippi, be and is hereby approved.

**SECTION III.** A check up to the amount of $200,000.00 shall be issued from the Tort Account, payable to Only Al-Khidhr, and his attorney, Alvin Chase, in full, final and complete settlement of the litigation styled Only Al-Khidhr v. Harrison County, Mississippi, et al., Civil Action No. 1:07-cv-01223-LG-RHW, in the United States District Court for the Southern District of Mississippi.

**SECTION IV.** The check shall be delivered to Tim C. Holleman, attorney for Harrison County who will deliver same to Only Al-Khidhr, and his attorney, Alvin Chase, in exchange for the execution and delivery of any and all settlement documents necessary to fully resolve this matter.

**SECTION V.** The necessary settlement documents shall be spread upon the official Minutes of the Harrison County Board of Supervisors upon receipt.

Supervisor **KIM B. SAVANT** seconded the Motion to adopt the above and foregoing Order, whereupon the question was put to a vote with the following results:

| | | |
|---|---|---|
| Supervisor W. S. SWETMAN III | voted | AYE |
| Supervisor KIM B. SAVANT | voted | AYE |
| Supervisor MARLIN R. LADNER | voted | AYE |
| Supervisor WILLIAM W. MARTIN | voted | AYE |
| Supervisor CONNIE ROCKCO | voted | AYE |

The majority of the members present having voted in the affirmative, the Motion was declared carried, and the Order adopted on this the 4th day of January 2011.

STATE OF MISSISSIPPI

COUNTY OF HARRISON

# CERTIFICATE

I, JOHN McADAMS, Chancery Clerk and Ex Officio Clerk of the Board of Supervisors of Harrison County, Mississippi, do hereby certify that the above and foregoing is a true and correct copy of an Order or Resolution passed by the Board of Supervisors and entered at the **JANUARY 2011 TERM**, on **JANUARY 4, 2011**, as fully as of record in my office in Gulfport, Mississippi, of which I am the official custodian.

GIVEN under my hand and seal of the Board of Supervisors, at my office in Gulfport, Mississippi, on this 5th day of January 2011.

**JOHN McADAMS**
Chancery Clerk and Ex Officio Clerk
of the Board of Supervisors of
Harrison County, Mississippi

By: Henrietta Caranna
Deputy Clerk

BOARD OF SUPERVISORS ... OF HARRISON

**FULL, FINAL AND ABSOLUTE RELEASE**

KNOW ALL MEN BY THESE PRESENTS, that the undersigned party, **ONLY AL-KHIDHR,** (hereinafter sometimes "the undersigned" or "Releasor"), for and in consideration of the sum of ***TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($200,000.00),*** (the "Settlement Amount") the receipt and sufficiency of which is hereby specifically acknowledged, does hereby acquit, remise, release, and forever discharge ***Harrison County, Mississippi, its Board of Supervisors, Deputy Rick Gaston, and Deputy Morgan Thompson,*** their affiliated departments, subdivisions, supervisor(s), Sheriff(s), deputies, booking officers, attorneys, servants, successors, heirs, assigns, representatives, officers, partners, directors, agents, shareholders, employees, and any insurers, insurer administrators, third-party administrators, adjusters, or representatives of any kind, and any and all other persons, firms, organizations and/or corporations whatsoever having any liability in the premises, either directly, indirectly, or by contract, vicariously or by way of indemnification, (they being the "Releasees"), **specifically excepting herefrom American Correctional Association and/or Health Assurance LLC,** of and from any and all claims, actions, causes of action, demands for damages of any kind, costs, expenses, loss of services, accounts, covenants, contracts, controversies, alleged assault(s), alleged use of force, alleged denial of medical care, trespasses, judgments, assignments, subrogated interest claims, lienholder claims, executions, loss of consortium, loss of companionship, injuries, hedonic damages, property claims, punitive damage claims, death claims, and wrongful death or survivor claim damages of any kind, medical payments and compensation of every kind, type and character whatsoever at law or in equity, on account of or as a result of, or in any way arising out of Releasor arrest and/or detention in the Harrison County Adult Detention Center which occurred on or about October 4, 2005, (the "Incident") and any and all alleged wrongful acts or omissions which were alleged or which could have or should have been alleged in the lawsuit styled: *Only Al-Khidhr versus Harrison County, Mississippi, et al., being Civil Action No. 1:07-cv-01223-LG-JMR in the United States District Court for the Southern District of Mississippi, Southern Division* on the docket of said Court (hereinafter, "the referenced litigation matter").

It is further understood and agreed that the undersigned does hereby acquit, remise, release, and forever discharge and agree to indemnify and hold harmless the Releasees from any and all claims, costs, interest, expenses, judgments of any kind, and attorneys' fees, which may be incurred by Releasees as a

D-4

result of any claim which may now, or which may hereafter, be asserted against the Releasees by any party named in the referenced litigation matter, any insurer for any party named in the referenced litigation matter, and any and all other individuals, corporations, insurers, medical providers, or governmental entities arising out of the Incident which forms the basis of the referenced litigation matter. These warrants are contractual and as consideration and are not merely a recital.

In further consideration of the Settlement Amount, the undersigned party does further acknowledge complete accord and satisfaction of the claims and demands heretofore made in the referenced litigation matter as against Releasees, or which could have or should have been made in the referenced litigation matter against the Releasees, **excepting any claims against American Correctional Association and Health Assurance LLC which are specifically reserved**; and further, it is understood, covenanted, agreed and warranted that, as a part of this settlement, the undersigned party will do all things necessary to seek and specifically obtain the dismissal of the Releasees from the referenced litigation matter in its entirety and with prejudice, including but not limited to any necessary court approval of the settlement, and will enter an Order of Dismissal With Prejudice in the civil action applicable to the referenced litigation matter, dismissing and barring any and all claims against the Releasees arising out of the Incident which serves as the basis for the referenced litigation matter once and for all and forever, **excepting any claims against American Correctional Association and Health Assurance LLC which are specifically reserved**.

The undersigned represents and warrants that he has not transferred or assigned, in whole or in part, any right, claim, demand or cause of action to any other individual and/or entity which they had, or might have had, as a result of the "Incident" which served the basis of the referenced litigation matter.

The undersigned further warrants and covenants that, following this settlement, there are no unsatisfied liens in favor of any subrogated interest holder or insurer or governmental entity and/or if there remain any unsatisfied liens in favor of any interest holder or insurer or governmental entity pertaining to any claim which was asserted or which could have or should have been asserted by the undersigned in the referenced litigation matter, including but not limited to liens of his health insurance carrier(s) or any other lienholders, then any such lien or liens will be satisfied out of the settlement proceeds paid to the undersigned, and remain the full and sole responsibility of the undersigned. These warrants are contractual and are not merely a recital.

The undersigned further warrants and covenants that, should any claims now exist or hereafter be asserted until the end of time by anyone against the Releasees which arises out of the Incident, which forms the basis for the referenced litigation matter and any claim arising therefrom, and which seeks recovery for any payment, settlement, judgment or benefit of any kind, by way of contribution, indemnity, or reimbursement, or which asserts a claimed right of recovery of any kind, based on any assigned interest or subrogated interest which arises by operation of law, or which was, or may be, obtained by or through the undersigned, including but not limited to any claimed right of recovery for medical provider benefits, and medical payments of any kind, then any such claims or liens will be satisfied by the undersigned out of the settlement proceeds paid to, on behalf of, or for the benefit of the undersigned, and remain the full and sole responsibility of the undersigned. The undersigned further warrants and covenants to fully hold harmless, indemnify and defend the Releasees from any and all claims, including but not limited to subrogation claims of his health insurer or others, that are asserted by any person or entity arising from the subject Incident in which Releasor was allegedly injured and/or any and all costs, interest, expenses, judgments of any kind, and attorneys' fees, which may be incurred by Releasees as a result of any such claim which may now, or which may hereafter, be asserted against the Releasees by anybody until the end of time. These warrants are contractual and are not merely recital.

The undersigned further warrants and covenants that he specifically releases, acquits, remises, and holds harmless and agrees to indemnify the Releasees from any and all claims, costs, interest, expenses, and judgments of whatever kind, (including attorneys' fees), which may be incurred by or asserted against the Releasees as a result of any claim which may now exist, or which may hereafter be asserted against the Releasees by anybody until the end of time arising out of the payment of the Settlement Amount.

It is further agreed and understood that, in making this settlement, the parties herein released do not admit any liability to the undersigned or anyone else, that such liability is hereby expressly denied in the settlement, which is in compromise of disputed claims.

It is further agreed and understood by the undersigned that he will not make any claim for recovery of any benefit or insurance payment, or right of recovery of any kind, from any individual, corporate entity, insurer or governmental entity which claims that the Releasees are liable or responsible to the undersigned for the

Incident and damages which were the subject of the referenced litigation matter which may give rise to any right of recovery in favor of any individual, corporate entity, insurer, governmental entity of any kind as against the parties released herein, and/or that if any such claim exists or is hereafter claimed to be asserted by anybody, then any such claims, or liens, or judgments will be satisfied out of the settlement proceeds paid to the undersigned, and remain the full and sole responsibility of the undersigned. The undersigned further warrants and covenants to fully hold harmless, release and indemnify the Releasees from any and all such claims, costs, interest, expenses, judgments of any kind, and attorneys' fees, which may be incurred by Releasees as a result of any such claim which may now, or which may hereafter, be asserted against the Releasees by anyone until the end of time. These warrants are contractual and are not merely recital.

It is further agreed and understood that the Settlement Amount is the sole and only consideration for this Full, Final and Absolute Release and Confidentiality Agreement, and that no antecedent or contemporaneous promises, statements, or representations have been made to the undersigned by any of the parties herein released, or anyone for them, as a part of the consideration for this Full, Final and Absolute Release and Confidentiality Agreement, or for the purpose of inducing the execution of the same.

It is further understood, agreed, covenanted and warranted that Releasor and his attorney, jointly and/or severally agree to hold harmless and defend and indemnify the Releasees as to any and all claims, demands, lawsuits, or any causes of action seeking recovery in any and all respects whatsoever which may now exist or which may hereafter be asserted against the Releasees until the end of time by anyone, (including, but not limited to Medicare, Medicaid, or any insurer, creditor or medical provider of any kind), on account of or as a result of, any alleged injuries or damages of any kind (including any payments, settlements, judgments, or claimed rights of recovery of any insurance proceeds or benefits of any kind) which arise out of the injury, as a result of the Incident which occurred on or about October 4, 2005, which served as the basis for the referenced litigation matter.

The undersigned agrees that he shall be responsible for the payment of any and all local, state or federal taxes which are required to be paid as a result this settlement. The undersigned agrees to indemnify and hold harmless Releasees for all sums for any and all claims, costs, and expenses (including attorney's fees) arising out of the failure by the undersigned to pay any local, state or federal taxing authority any taxes

which may be due and owing as a result of this settlement. This indemnification shall include all interest and/or penalties assessed by any such taxing authority as a result of any such claims.

The undersigned further stipulates and warrants that he is of sound and disposing mind and memory, and has full authority to execute this instrument, his signature, that he executes this instrument after mature deliberation, fully aware of its content and legal import, and with the consultation and advice of legal counsel.

The undersigned further agrees that if there are any mistakes in this document which result in anything less than a Full, Final and Absolute Release and Confidentiality Agreement as to all claims arising out of the claims by or on behalf of the undersigned, then the undersigned will do all that is necessary to effectuate a Full, Final and Absolute Release and Confidentiality Agreement.

WITNESS OUR SIGNATURES, this 6th day of January, 2011.

ONLY AL-KHIDHR

ALVIN CHASE, ESQUIRE
Personally And On Behalf of
Chase, Chase & Associates, PLLC
and as Attorney for Only Al-Khidhr

**CERTIFICATE OF ATTORNEY**

The undersigned, ALVIN CHASE, attorney for Only Al-Khidhr, do hereby certify that I have read and explained the above and foregoing Full, Final and Absolute Release to Only Al-Khidhr and explained its terms and provisions and to my knowledge he understands the meaning of the Full, Final and Absolute Release and understands that this Release will further bar him from any claims against the Released Parties arising from the Incident and prohibits him from revealing, discussing, or commenting upon the alleged incident, the facts of the litigation, the compromise and settlement, the terms and conditions of the settlement or the Full, Final and Absolute Release to anyone under any circumstances as set forth above.

This the 6th day of January, 2011.

ALVIN CHASE